## WADDLE vs. MORRILL.

26  611
94  121
26  611
a106 603

PLEADING—ESTOPPEL: *When estoppel may be proven without having been pleaded.*

In an action on a note and mortgage, where the defense set up in the answer is usury, a replication not being allowed under the Code, facts showing an estoppel against this defense may be proven without having been pleaded.

APPEAL from the Circuit Court for *Sauk* County.

Replevin for certain chattels. Answer, that defendant owned and had a right to the possession of said chattels, and that plaintiff's pretended ownership or right of possession was claimed by virtue of a certain chattel mortgage running to one Prothero, and given to secure the payment of defendant's note also running to said Prothero, and that said note and mortgage were so made at the request of one Gibson, to secure the repayment to said Gibson of certain moneys borrowed of him by the defendant at a usurious rate of interest. At the trial, the plaintiff testified that he bought the note and mortgage of one Ayers, or made

the agreement with him.    After the defendant's evidence was in, showing usury affecting the note and mortgage as between him and Gibson, Mr. Ayers testified for the plaintiff as follows: "*Mr. Morrill* came to my house and wanted me to help him on this mortgage.    He said Gibson was crowding him, and he had got to get some one to help him or he should lose his property.    I said if I took it we ought to make out new papers.    He replied that it would make no difference; they could as well be assigned.    Some time after that I went and told him if I took it I wanted to turn it right out to *Mr. Waddle*, as I was owing him. He said that would be all right.    I paid Mr. Gibson for the note and  mortgage, and *Mr. Waddle* paid me; and instead of having two assignments made, I had Mr. Gibson assign directly to *Mr. Waddle*." This testimony was received against defendant's objection.

The court instructed the jury that if defendant induced or requested Ayers to purchase the note and mortgage without disclosing the fact that they were tainted with usury, and if Ayers sold them to the plaintiff with the knowledge and assent of the defendant, neither Ayers nor plaintiff knowing that they were usurious at that time, then defendant was estopped from setting up the defense of usury.

Verdict for the plaintiff; new trial denied; and defendant appealed from a judgment on the verdict.

*W. H. Clark*, for appellant, argued, among other things, that the plaintiff's only cause of action was derived from the facts which constituted the estoppel, and that these should therefore have been pleaded. After the answer was in, setting up the defense of usury, the plaintiff had twenty days in which to amend his complaint and set up those facts; or it could have been amended at the trial.    R. S. ch. 125, secs. 36, 41; *Gill v. Rice*, 13 Wis. 549; 20 Barb. 468; 16 id. 57; 10 id. 321; 2 Kern. 9; 2 Seld. 179; 2 Coms. 320; 1 Wait's Law and Pr. 1090; 2 id. 984.

See also, 2 Abb. Pr. 201, note K; *McMahon v. Allen*, 3 Abb. Pr. R. 89; 12 How. Pr. R. 39; *Houghton v. Skinner*, 5 How. Pr. R. 420. 2. There was no evidence tending to establish an estoppel in plaintiff's favor. Whatever defendant might have said to Ayers, he never saw the plaintiff or said anything to him on the subject of the mortgage, until after he had purchased it. Neither is there any evidence that Ayers said anything to plaintiff about the mortgage.

*Wheeler & Stewart*, for respondent, to the point that an estoppel *in pais* need not be pleaded, cited *Welland Canal Co. v. Hathaway*, 8 Wend. 480; *Reed v. Pratt*, 2 Hill, 64; *People v. Turnpike*, 23 Wend. 222. To the point that the evidence showed an estoppel, they cited *Norton v. Kearney*, 10 Wis. 443; *Gill v. Rice*, 13 id. 549; *Marr v. Howland*, 20 id. 282. The estoppel was good, not only in favor of the person to whom the statement was made, but also in favor of his assignee. *Cary v. Wheeler*, 14 Wis. 281.

COLE, J. The testimony of the witness Ayers proved an estoppel beyond all question. The only point in the case is, whether evidence of an estoppel was admissible under the pleadings. We think it was.

The action was to recover the possession of personal property under a chattel mortgage. The plaintiff is an assignee. The defendant set up in the answer that the note and mortgage were usurious. To avoid this defense, the plaintiff offered to prove, and was permitted to prove by the witness Ayers, that the defendant induced or requested the witness to purchase the note and mortgage from one Gibson, without disclosing the fact that they were tainted with usury, and that the witness did purchase and sell them to the plaintiff with the knowledge and assent of the defendant, and that neither the witness nor the plaintiff had any knowledge that the securities were usurious at the time of purchase. Now it is claimed that this

evidence should have been excluded. The principle relied on in support of this position is that which requires a party relying upon an estoppel, to set out in his pleading the facts upon which he relies as constituting the estoppel; in other words, that he must plead the estoppel in order to make evidence of it admissible. This as a general rule is undoubtedly true, but obviously it can only apply where the party has an opportunity to plead the estoppel. But the plaintiff had no opportunity to plead the estoppel here. The defense was usury. The plaintiff had no right, under our present practice, to put in a replication stating the facts constituting the estoppel. That system of pleading is abolished. The estoppel could not, therefore, be pleaded, and from the necessity of the case could be proven, as it was upon the trial of this cause. This is the only question in the case deserving attention.

*By the Court.*—The judgment of the circuit court is affirmed.