GANS vs. THE ST. PAUL FIRE & MARINE INSURANCE COMPANY.

FIRE INSURANCE. *(1) When policy voidable after loss. (2) How insurer estopped. (3, 4) Notice to agent who writes policy is notice to insurer. Attempts to evade this rule, by terms of policy. (5) Parol waiver of conditions.*

ESTOPPEL: PLEADING. *(2) Facts constituting estoppel. (6) When estoppel, not pleaded, may be shown.*

1. A policy of insurance against fire which provides in terms that it shall be void if the building insured shall become unoccupied without the consent

Gans vs. The St. Paul Fire & Marine Ins. Co.

of the insurer indorsed on the policy, is *voidable* at the option of the insurer after a loss, if, at the time of such loss, the building was unoccupied without the insurer's consent so indorsed. ·

2. If an insurance company, with notice, actual or constructive, of facts rendering the policy voidable at its option, objects upon other grounds only to proofs of loss furnished, and subjects the insured to trouble and expense in furnishing new proofs, it will be *estopped* from setting up such facts in avoidance of the policy. And this estoppel arises although such first proofs did not, and the new proofs do, furnish the company cumulative evidence of the facts relied upon as a breach.

3. Knowledge on the part of the agent of an insurance company, authorized to issue its policies, of facts which render the contract voidable at the insurer's option, is knowledge of the company; and the effect of such knowledge is not varied by stipulations in the policy, that "the use of general terms, or anything less than a distinct, specific agreement, clearly expressed and indorsed on the policy, shall not be construed as a waivor of any printed or written condition or restriction therein;" that the agent "has no authority to waive, modify or strike from the policy any of its printed conditions;" that his assent to an increase of risk is not binding upon the company until it is indorsed upon the policy, and the increased premium paid; and that, in case the policy shall become void by violation of any condition thereof, the agent has no power to revive it.

4. Where A. is authorized by an insurance company to receive applications for and issue its policies, the company cannot substitute the assured for itself as A.'s principal by a provision in a policy so issued, that "any person, other than the assured, who may have procured the insurance to be taken" by the company, shall be deemed to be the agent of the assured, and not of the company under any circumstances whatever.

5. A clause in an insurance policy declaring that a waiver of any condition thereof, to be binding, must be indorsed upon it, may itself be waived by parol, or by acts *in pais.*

6. The rule that facts constituting an estoppel must be pleaded before proof of them is admissible *(Gill v. Rice,* 13 Wis., 549), is inapplicable where the party claiming the estoppel has had no opportunity to plead it *(Waddle v. Morrill,* 26 Wis., 611); and where the complaint on an insurance policy alleges due performance by plaintiff of all conditions on his part, and the answer alleges a breach, no reply being allowed by the code, proof of facts which estop defendant from setting up such breach is admissible, against objection, and without amendment.

APPEAL from the Circuit Court for *Eau Claire* County. Action on a policy of fire insurance issued by the defendant

company on the 12th of February, 1876, insuring plaintiff's frame dwelling house in Eau Claire, for one year, to the amount of $250. The house was destroyed by fire, October 2d in the same year, and the loss exceeded the sum for which it was insured. When it was burned, the building was vacant, and had been so nearly a month. The agents of the defendant company at Eau Claire — Latimer & Co., who wrote, counter-signed and issued the policy in suit,— were informed several days before the fire that the building was unoccupied, and knew that it remained so until it was burned, but neglected to communicate that information to any officer of the company. Proofs of loss were made out soon after the fire, by or under the direction of such agents, and forwarded to the principal office of the company. These not being satisfactory, the company required further proofs, and the same were made out and forwarded in due time, at an expense to the plaintiff of five dollars. The last proofs contained a statement that the building had been vacant as above stated.

The policy contains the usual condition, that, if the building should become unoccupied without the consent of the company indorsed on the policy, the policy should be void. Because no such consent was so indorsed, the company refused to pay the loss.

The foregoing facts appearing on the trial by proof or admission, and none of them being controverted, the circuit judge directed a verdict for the plaintiff for $250, the amount of the risk. A new trial was denied; and from a judgment pursuant to the verdict, defendant appealed.

For the appellant, a brief was filed by *Bailey & McCaslin*, and the cause was argued orally by *Mr. Bailey:*

The policy was void when the premises became unoccupied. *Fuller v. Ins. Co.*, 36 Wis., 599; *American Ins. Co. v. Redfield*, 8 Ch. Leg. News, 138; *Dodge County Ins. Co. v. Rogers*, 12 Wis., 337; *Wustum v. Ins. Co.*, 15 id., 138. There was no waiver within the rule of *Webster v. Phœnix Ins. Co.*,

Gans vs. The St. Paul Fire & Marine Ins. Co.

36 Wis., 67, and *N. W. Mut. L. Ins. Co. v. Germania Ins. Co.*, 40 id., 446, because, at the time of requiring new proofs, the company had no knowledge of the facts rendering the policy void. The full extent of the agent's authority was expressed in the contract, and he could bind the company no further. He was a special agent, and notice to him was not notice to the company. *Hinman v. Hartford Ins. Co.*, 36 Wis., 159. Even if it had notice, it was perfectly consistent for the company to require full proofs according to the terms of the policy, that it might become matter of record, and furnish, under the hand and oath of the assured, certain evidence of the vacancy of the building. In the cases relied upon by plaintiff and cited above, the proofs required had no connection with the facts on which the policy was sought to be avoided. 2. If plaintiff relied upon an estoppel, he should have set out in his complaint the facts constituting it. Instead, he pleaded performance. On this point counsel cited *Gill v. Rice*, 13 Wis., 549; and distinguished *Waddle v. Morrill*, 26 id., 611.

*Levi M. Vilas*, for respondent, on the question of waiver by requiring new proofs after notice of facts rendering the policy voidable, cited *Webster v. Ins. Co.*, 36 Wis., 67, and *N. W. Mut. Life Ins. Co. v. Ins. Co.*, 40 id., 446; and as to the authority of agents to waive a breach of the conditions of a policy, he cited *Miner v. Phœnix Ins. Co.*, 27 Wis., 693; *Winans v. Allemania Ins. Co.*, 38 id., 342; *Roberts v. Continental Ins. Co.*, 41 id., 321.

LYON, J. It is evident from the foregoing statement of the case, that the learned circuit judge must have held that the knowledge of Latimer & Co., the agents who took the risk and wrote, countersigned and issued the policy in suit, that the insured house, when burned, and before, was unoccupied, was, in contemplation of law, the knowledge of the defendant company — in other words, that notice to the agents was

notice to the company, — and hence, that, within the rule of *Webster v. Ins. Co.*, 36 Wis., 67, and *N. W. Mutual Life Ins. Co. v. The Germania Ins. Co.*, 40 id., 446, the requiring of further proofs of loss after the company was chargeable with notice or knowledge that a condition of the policy had been broken (which requirement subjected the plaintiff to expense and delay), is a waiver of the breach, and estops the company to claim a forfeiture of the policy.

The conditions of the policy upon which it is claimed that notice to the agents does not estop the company to declare the policy void because the building, when burned, was unoccupied, are the following: "The use of general terms, or anything less than a distinct, specific agreement, clearly expressed and indorsed on this policy, shall not be construed as a waiver of any printed or written condition or restriction therein. * * * It is further understood and made a part of this contract, that the agent of this company has no authority to waive, modify, or strike from this policy any of its printed conditions, nor is his assent to an increase of risk binding upon the company until the same is indorsed in writing on the policy, and the increased premium paid; nor, in case this policy shall become void by reason of the violation of any of the conditions thereof, has the agent power to revive the same; and that a new policy intended to replace any policy so made void shall be of no effect until its actual issue and delivery thereof to the assured, any contract by parol or understanding with the agent to the contrary notwithstanding. * * * And it is a part of this contract that any person other than the assured, who may have procured this insurance to be taken by this company, shall be deemed to be the agent of the assured named in this policy, and not of this company under any circumstances whatever, or in any transaction relating to this insurance."

Whatever may be the true construction of the stipulation last above quoted, it certainly does not, and in the nature of

AUGUST TERM, 1877. 113

Gans vs. The St. Paul Fire & Marine Ins. Co.

things cannot, substitute the plaintiff as the principal of Latimer & Co. in respect to the contract of insurance, in the place of the company. The contract was made, and the defendant was undoubtedly bound by it, from the moment the policy was delivered to the plaintiff; and if the stipulation substitutes the plaintiff for the company as the principal of Latimer & Co., then it is competent for a person to make a contract with his own agent which shall bind a third party who is a stranger to it, and who never agreed to be bound by it. This would be a manifest absurdity. As to the clause that a waiver of any condition of the policy, to be binding, must be indorsed upon it, it is only necessary to say it is now settled that this requirement may be waived by parol or by acts *in pais*. See cases above cited.

It must be held, therefore, that Latimer & Co. were the general agents of the defendant company in respect to this policy (*Miner v. Ins. Co.*, 27 Wis., 693), and further, that notice to them that the insured building was vacant was notice to the company, unless there is something in the contract which destroys the effect of such notice to the agent. On the proposition that notice to the agent, where it arises from, or is connected with, the subject matter of his agency, is constructive notice to the principal, see Story on Agency, §§ 140 and 451, and cases cited.

We find no stipulation in the contract limiting or attempting to limit the legal effect of notice to the agent. The limitations therein contained go only to the *acts* of the agent. He may not vary, modify, or strike out the printed conditions of the policy, nor assent to an increase of risk, unless the same is indorsed on the policy and the increased premium paid. Neither may he revive a policy after forfeiture by violation of any condition thereof, nor make a parol contract in respect thereto which shall be binding on the company, until the forfeited policy is replaced by a new one. But there is no stipulation that notice to the agent of a fact relating to the policy

shall not operate as notice to the company. What would be the legal effect of such a stipulation, we are not called upon to determine, and do not determine.

When, therefore, the company required the plaintiff to furnish additional proofs of loss, it had constructive notice that the insured building had remained unoccupied in violation of the terms of the policy, and that the policy, theretofore voidable ( *Webster v. Ins. Co., supra*), might then be declared void at its election. Instead of declaring it void, the company took the opposite course, by subjecting the plaintiff to expense and delay. The learned counsel for the defendant argued with much plausibility, that it was not inconsistent with the position that the company elected to consider the policy void, for it to require the plaintiff to furnish further proofs of loss which should show, under his own hand and oath, that the insured building was vacant when burned: a fact which did not appear by the first proofs. But the company had legal notice of the fact, and we think it was not competent for it to subject the plaintiff to further expense and delay in order to obtain from him cumulative evidence that the building was vacant, without prejudice to its right to declare the policy void. It should have made its election in the first instance.

It follows that, within the rule of *Webster v. The Phœnix Ins. Co.* and *The N. W. Mut. Life Ins. Co. v. The Germania Ins Co., supra,* the defendant is now estopped to declare the policy void by reason of such breach of one of its conditions.

The uncontradicted evidence proved the facts constituting the estoppel, and the defendant admitted on the trial that the loss was in excess of the sum written in the policy. This made a case for the plaintiff, and the jury were properly directed to return a verdict for him for the amount of the risk.

A question on the pleadings was argued at the bar, and will now be briefly considered. It is alleged generally in the complaint, that the plaintiff duly performed all of the conditions of the contract of insurance on his part to be performed. The

defendant, in its answer, took issue on this allegation, by alleging as a defense to the action a breach of the stipulation in the contract that the building should be continuously occupied during the term of the policy. The evidence of the agent's knowledge when the building was burned, and before, that it was vacant, was received under objection.

It is claimed that the evidence should have been excluded under the rule of *Gill v. Rice,* 13 Wis., 549, which is to the effect that, under the code, facts constituting an estoppel must be pleaded before proof of them can properly be received. But in *Waddle v. Morrill,* 26 Wis., 611, it was held that the rule was not applicable to a case where the party claiming the estoppel has had no opportunity to plead it. In the present case, the plaintiff could not know until the answer was served, that the defendant would rely upon the breach of the condition that the building should be continuously occupied, to defeat the action, and he could not, under the present practice, interpose a reply setting up the facts constituting the estoppel. Hence, we think the case is identical in principle with that of *Waddle v. Morrill,* and that the evidence of those facts was properly received.

During the trial, several other exceptions were taken on behalf of the defendant to various rulings of the court on objections to the admission of testimony. In the view we have taken of the case, these rulings are of no importance, and require no further notice.

*By the Court.* — The judgment of the circuit court is affirmed.