Johnston and another vs. Northwestern Live Stock Ins. Co.

JOHNSTON and another, Respondents, vs. NORTHWESTERN LIVE STOCK INSURANCE COMPANY, Appellant.

*September 23 — October 13, 1896.*

*Live stock insurance: Pleading, sufficiency of: Remedies: Warranty or representation? Court and jury: Estoppel.*

1. Under a live stock insurance policy containing an agreement that the insured would "use due diligence, precaution, and care in the use and for the safety, health, and preservation of said live stock, and in case of sickness or accident would promptly summon to his aid the best veterinary surgeon to be had in the vicinity," and providing that the policy should be void in case of a failure so to do, performance of the agreement is a condition subsequent, and need not be pleaded by the insured in an action on the policy, a failure in that respect being a matter of defense.

2. Although the statement of the amount of a mortgage upon property in an application for insurance thereon, on its face was absolute and amounted to a warranty, yet if the owner of the property in making the application stated that he did not know the exact amount remaining unpaid, but that it was "*about* $500," and the insurance agent, understanding the statement, put down the amount of the mortgage as $500, without qualification and without the owner's knowledge, the knowledge of the agent might operate as a waiver and estop the insurer from claiming a warranty; and the question whether such statement was a warranty or a mere representation was material and should have been submitted to the jury in some form.

3. If the statement of the insured in such case was a warranty it should be strictly satisfied, and the question whether a variance was such as would avoid the policy would be for the court; but if the statement was merely a representation, its falsity, in the absence of bad faith, would not necessarily avoid the policy, unless the variance was substantial and material to the risk, and the question of such materiality would be for the jury.

4. If, notwithstanding the uncertainty of important allegations in the complaint, it can still be seen that a substantial cause of action is stated, a demurrer will not lie, the remedy, if any, being by motion to make more definite and certain.

5. It is not necessary for the plaintiff to plead an estoppel to a defense not amounting to a counterclaim, since such an answer does not admit of a reply.

Johnston and another vs. Northwestern Live Stock Ins. Co.

APPEAL from a judgment of the circuit court for Monroe county: O. B. WYMAN, Circuit Judge. *Reversed.*

Action on an insurance policy for $800 on a horse. There was a mortgage on the horse. It was stated in the written application that the horse was mortgaged to *George B. Smith* for $500. There was a provision in the policy that all statements in the application should be deemed to be express warranties of the truth of the representations. On the trial it appeared that the mortgage had been originally given for a larger sum, which at the date of the policy had been reduced by payments so that there remained unpaid upon it not less than $525. The defendant's agent wrote the application. The plaintiff testified that he told the agent that he did not know the exact amount remaining unpaid upon the mortgage, but thought it was *about* $500. This the agent denied, and testified that the plaintiff stated the amount at $500, without any qualifying words. The court submitted to the jury, in substance, only the question of the materiality of the variance in the amount unpaid in fact from the amount as represented. There was a demurrer *ore tenus* to the complaint overruled, and exceptions to the charge. The trial resulted in a verdict and judgment for the plaintiffs, from which the defendant appeals.

For the appellant there were briefs signed by *S. W. Button,* attorney, and *Gurnsey & Bailey,* of counsel, and oral argument by *Mr. Button.* They contended, *inter alia,* that the allegations of the complaint are too indefinite. *Warren v. Bean,* 6 Wis. 120; *Jackson v. Cleveland,* 15 id. 108; *First Nat. Bank v. Dakota F. & M. Ins. Co.* 61 N. W. Rep. 439; *Franklin v. Kirby,* 25 Wis. 500; *Carberry v. German Ins. Co.* 51 id. 605. A false statement as to the amount of the incumbrance is a breach of warranty and avoids the policy. *Smith v. Agricultural Ins. Co.* 118 N. Y. 518; *Brown v. People's Mut. Ins. Co.* 11 Cush. 280; *Hayward v. New England M. F. Ins. Co.* 10 id. 444; *Abbott v. Shawmut M. F. Ins. Co.*

3 Allen, 213; *Falis v. Conway M. F. Ins. Co.* 7 id. 46; *Jacobs v. Eagle M. F. Ins. Co.* id. 132; *Sentell v. Oswego Co. Farmers' Ins. Co.* 16 Hun, 516. It makes no difference whether the misrepresentation is wilful or an honest mistake. *Fisher v. Crescent Ins. Co.* 33 Fed. Rep. 544. See, also, *Glade v. Germania F. Ins. Co.* 56 Iowa, 400.

For the respondents there was a brief by *Morrow & Masters*, and oral argument by *J. M. Morrow.*

NEWMAN, J. At the commencement of the trial there was a demurrer *ore tenus* to the complaint, on the ground that it did not state a cause of action. The policy contained an agreement that the insured would "use due diligence, precaution, and care in the use, and for the safety, health, and preservation of said live stock, and in case of sickness or accident would promptly summon to his aid the best veterinary surgeon to be had in the vicinity." A failure to do so was to avoid the policy. The demurrer was based principally upon the failure of the complaint to allege affirmatively the performance of this agreement. This was not a defect in the complaint. The performance of this agreement was a condition subsequent. It did not go to the original validity of the policy, but was a stipulation to be performed afterwards. Its breach is a defense merely. It is no necessary part of the plaintiff's case, in the first instance, either by pleading or proof, to show that he has performed it. If the defendant relied upon a failure to perform this stipulation of the policy, it should set it up as a defense. It could make it available in no other way. *Redman v. Ætna Ins. Co.* 49 Wis. 431; *Schobacher v. Germantown F. M. Ins. Co.* 59 Wis. 86; *Benedix v. German Ins. Co.* 78 Wis. 77.

The other objection to the complaint is that certain of its allegations are indefinite and uncertain. Ordinarily this objection cannot be raised by demurrer. If, notwithstanding the uncertainty of some important allegations, it can

still be seen that a substantial cause of action is stated, a demurrer will not lie, but the remedy, if any, is by a motion to make the pleading definite and certain. The allegations complained of are where the complaint alleges that after the death of the horse "the insured immediately notified said defendant of such disease and death, and thereafter, and before the 19th day of November, 1893, made proof of loss according to the requirements" of the policy; "that the plaintiffs have fully performed all the conditions of said policy on their part to be performed;" that, "although more than ninety days have elapsed since proof of said loss was made as aforesaid," the defendant has failed to pay the same. It is not quite clear wherein this lacks in certainty. As an allegation of the performance of conditions precedent, it seems to be sufficient to comply with the statute (R. S. sec. 2674). The cases cited in the defendant's brief seem to be on another point. They are to the point that the complaint must show that the respite allowed the insurer has elapsed since notice and proofs of loss. In this case it is stated that more than ninety days have elapsed since notice and proofs were furnished, while it does not appear whether the defendant was entitled to any, or to so much, respite. On demurrer *ore tenus*, pleadings are construed with great liberality, and sustained if possible. The complaint is sufficient as against the challenge of this demurrer.

The case must turn, in the end, upon this question: Whether the statement in the application of the amount unpaid on the mortgage to *Smith* is a warranty, or a representation merely. There is no question of its falsity by at least the sum of $25. No doubt, without explanation the statement is on its face a warranty. But if it be true, as the plaintiff claims, that the plaintiff told the agent who wrote and forwarded the application that he did not know the exact amount unpaid, but that it was "*about* $500," and the agent understood that it was not intended to make an

exact statement of the amount unpaid, but yet wrote it in that form in the application, without the plaintiff's knowledge, and without having his consent to that form, it may well be that it should not have the force of a warranty, contrary to the plaintiff's intention, but should rather be deemed a representation merely.   No doubt, the knowledge of the agent might operate as a waiver, and estop the defendant to claim a warranty, on such facts.   *May v. Buckeye Mut. Ins. Co.* 25 Wis. 291; *Miner v. Phœnix Ins. Co.* 27 Wis. 693; *McBride v. Republic F. Ins. Co.* 30 Wis. 562; *Wright v. Hartford F. Ins. Co.* 36 Wis. 522; *Mechler v. Phœnix Ins. Co.* 38 Wis. 665; *Roberts v. Continental Ins. Co.* 41 Wis. 321; *American Ins. Co. v. Gallatin,* 48 Wis. 36; *Harriman v. Queen Ins. Co.* 49 Wis. 71; *Schomer v. Hekla F. Ins. Co.* 50 Wis. 575; *Dunbar v. Phenix Ins. Co.* 72 Wis. 492; *Renier v. Dwelling House Ins. Co.* 74 Wis. 89; *Bourgeois v. Mut. F. Ins. Co.* 86 Wis. 402; *Schultz v. Caledonian Ins. Co.,* ante, p. 42; *Insurance Co. v. Wilkinson,* 13 Wall. 222; *Insurance Co. v. Mahone,* 21 Wall. 152; *Eames v. Home Ins. Co.* 94 U. S. 621; May, Ins. (3d ed.), §§ 132, 141, 143.   The knowledge which the agent has is imputed to his principal.   The knowledge had by an agent whose office it is to solicit and forward applications and to deliver policies is the knowledge of the insurer itself.   *American Ins. Co. v. Gallatin, supra; Schomer v. Hekla Ins. Co., supra; Renier v. Dwelling House Ins. Co., supra;* May, Ins. § 132.   It was not necessary for the plaintiff to plead the estoppel in order to avail himself of it, for he had no opportunity to plead it.   The estoppel is against a defense which does not amount to a counterclaim, and so does not admit of a reply. *Waddle v. Morrell,* 26 Wis. 611.   In case it shall be found to be a warranty, no doubt it must be strictly satisfied, or there will be a breach of the warranty, which will avoid the policy.   Whether the variance from the strict letter of the warranty constitutes a substantial breach, such as would

avoid the policy, is a question of law for the court, and should not be submitted to the jury. On the other hand, if it is merely a representation and shall be found not to be strictly true, yet in the absence of bad faith its falsity will not necessarily avoid the policy, unless the variance is substantial and material to the risk. And this presents a question which is for the jury. So it appears that the controlling question in the case is whether this statement in the application is properly a warranty, or only a representation. Its decision depends upon what was the understanding and intention of the parties at the time of making the contract. It is a question for the jury, upon all the evidence bearing upon it. It was not submitted to the jury, nor was it decided by the court. It was lost from sight. The court told the jury that the question for them to determine was "whether or not this contract is forfeited by reason of this breach of warranty." He then told the jury to consider "whether this undisputed amount due at that time was a substantial breach of the representation made by the insured at the time of his application for insurance." This is confusing. It overlooks entirely the important question in the case. It submits to the jury the question solely of the materiality of the breach, ignoring entirely the more important, antecedent question, whether it was a breach of a warranty, or only a misrepresentation. It should have been submitted to the jury in some proper way, by a special question or by a proper instruction, to determine whether this was a warranty, or a representation merely. It is impossible that a proper result shall be reached in this action until this question shall have been properly determined.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.