J. S. Stearns Lumber Company, Respondent, vs. Travelers Insurance Company, Appellant.

*January 15—February 9, 1915.*

*Employers' liability insurance: Risks not covered: Injury caused by minor illegally employed: Defense by insurer of action against assured: Estoppel: Pleading: Waiver.*

1. Under a policy insuring against loss by accidents to the employees of the assured, injuries caused by persons employed in violation of law were not within the risk insured against. In case of an accident the assured was to give notice to the insurer, with full information and particulars. Death of an employee was caused by negligence of a co-employee under sixteen years of age, employed without proper permit. The facts as to such illegal employment were not brought to the attention of the insurer, but it

was told that the boy was over sixteen when employed, and it defended an action against the assured on account of said death. Incompetence of the boy was alleged in that action, and on that issue his mother testified that he was under sixteen, while he testified that he was over that age. There was no evidence as to whether or not he had a permit, no question as to the legality of his employment being raised. Other claims of negligence were made which were within the risk insured against. *Held*, that the insurer did not, by continuing to defend that action, estop itself from claiming, in a subsequent action by the assured on the policy, the benefit of the provision excepting from the risk accidents like that in question.

2. Employment of the boy under sixteen years of age without proper permit, in violation of ch. 338, Laws of 1909, being a misdemeanor, the presumption, from the standpoint of the insurer, was that the employment was legal, and evidence that he was under sixteen, with no evidence as to whether or not he had a permit, did not overcome that presumption.

3. An estoppel relied upon by plaintiff as the very groundwork of defendant's liability should be pleaded in the complaint, and if not so pleaded should be deemed to have been waived, at least where it would work hardship in that it would enrich plaintiff largely on account of acts of defendant which were but slightly, if at all, prejudicial to plaintiff.

4. Plaintiff's failure to plead estoppel in this case was not waived by defendant by failing to object to evidence under the complaint, substantially all facts alleged in the complaint being admitted, so that no evidence was necessary to prove them.

APPEAL from a judgment of the circuit court for Ashland county: G. N. RISJORD, Circuit Judge. *Reversed.*

Action on a policy of indemnity accident insurance. Plaintiff, a manufacturing company, purchased of defendant a policy of insurance against loss by accidents which might happen to its servants in the course of their employment. Thereby defendant, in case of such an accident, agreed:

1. Upon notice to investigate or settle the claim for damages in its discretion.

2. In the insured's name to defend against such claims if deemed best.

3. To pay specified expenses and a stipulated percentage of the award of damages.

4. Injuries caused or sustained by persons employed in violation of law or the contract as to age not to be within the risk insured against.

5. The foregoing conditioned upon, in case of an accident immediate notice being given to the assurer, in manner indicated, with full information and particulars of any resulting claim and, in case of suit, all papers served being promptly forwarded to the assurer, and, upon its request, plaintiff aiding in settling the matter or contesting it.

6. No provision of the policy to be subject to waiver except by an indorsement on the policy signed by some one of specified persons.

June 21, 1911, while the policy was in force, defendant employed John Pikus, who, later while performing his duties, was fatally injured through negligence of a co-employee who was under the age of sixteen years, and, so, not legally employed unless he had a permit pursuant to the provisions of ch. 338, Laws of 1909. He did not have such permit. Defendant was notified of the accident; but not of the facts as to the alleged employment of the minor, nor of any matter in respect thereto. Defendant's adjuster made an investigation and was informed by the minor and also by plaintiff's representative that he was over sixteen years old when hired. Defendant relied thereon and the fact that no information to the contrary was furnished by plaintiff. Action was brought against the latter to recover damages on several grounds, including that of knowingly employing or retaining in service an incompetent employee whose conduct produced the death of the intestate. The complaint did not disclose the age of the employee. In due course, defendant performed its agreement as to carrying on the litigation in the name of the employer, and the latter assisted, as agreed; but did not bring to the former's attention the facts as to the illegal employment.

There was conflicting evidence on the trial of the first ac-
tion as to the minor's age. His mother testified that he was
under sixteen years of age at the time of the accident, and he
testified he was over that age. That was not regarded as im-
portant except as bearing on the question of incompetency.
Nothing was said as to whether the boy was not legally em-
ployed by reason of not having the statutory permit. That
had nothing to do with the issue tried. Plaintiff recovered.
In due course, with approval of the employer, the cause was
appealed to this court. Defendant continued to perform its
contract. The judgment was affirmed. *O'Sullivan v. J. S.
Stearns L. Co.* 154 Wis. 467, 143 N. W. 160. In the opin-
ion the court, by mistake, supposing sub. 2, sec. 1728*a,* Stats.,
forbidding, absolutely, employment of minors of the age of
the particular one in doing the kind of work he was engaged
in when the accident occurred, was in force, referred thereto as
if it applied to the case. It did not apply because of not being
in existence until after the accident. The judgment was af-
firmed because the verdict as to negligent retention of the in-
competent employee was sustained by the evidence. In due
course, this action was brought for indemnity. The insur-
ance company defended because of the accident having been
caused by a person who was unlawfully employed.

The action was tried without a jury. Evidence was pro-
duced establishing facts substantially as stated, and this:
During the investigation by defendant prior to the first ac-
tion, it became informed of the facts, except as to the boy's
age and his not having had a legal permit. The mother was
not asked in respect thereto. It was informed by the em-
ployer that he was over sixteen years old and had a permit
to work. It did not know the age of the boy until the mother
testified on the trial of the first action. It had no knowledge,
then, of the illegal employment. It continued to the end in
control of the litigation on behalf of defendant.

It was agreed that judgment should go for defendant un-

less it waived, or was estopped from defending upon the ground of, the illegal employment.

The trial court concluded that by continuing to defend the first action after notice of the age of the incompetent employee, without claiming immunity from the risk, defendant was estopped from invoking the benefit of the policy exception in its favor.

Judgment was rendered accordingly, and defendant appealed.

*A. W. McLeod,* for the appellant.

*Geo. F. Merrill,* for the respondent.

MARSHALL, J.    The conclusion of the trial court that appellant became informed of the illegal employment by the mere suggestion of the boy's age by the mother on the trial of the first action, cannot be approved. The age of the minor was not an issue before. At best, the fact was then involved in conflicting evidence. The mother testified one way and the boy another. But, conceding that the mother's testimony was the best, and should have been believed, it did not settle the question of whether he was illegally employed. The vital fact of whether he had a legal permit, was not touched upon by the evidence. So the court was not warranted in finding the illegal employment was established and brought to appellant's attention on the first trial.

Employment of the minor without the proper permit, was a serious misdemeanor. It was punishable by fine or imprisonment. The presumption, from appellant's standpoint, was in favor of innocence. The mere evidence of the minor's age did not overcome that presumption, or very much affect it. So the basic feature of the recovery is wanting.

Again, assuming that the evidence of the boy's age was sufficient to put appellant upon inquiry, if the particular matter was vital to its interest, it was not in this case because the grounds of negligence were four in number. Had the claim-

ant prevailed upon either of three, it would have been within
the risks insured against.    So, appellant was not, in any
event, obliged to change its attitude toward respondent in the
former action until judgment was rendered in the circuit
court, grounded on the particular circumstance.    Even that
did not put appellant to its election because the presumption
against violation of law still persisted in its favor.

Probably the learned circuit court was misled by the sug-
gestion in 154 Wis. 467, 143 N. W. 160, as to the boy having
been illegally employed.    We must presume that, had it been
appreciated that the law of 1909 ruled, the inadvertence here
would not have created the difficulty which seems to have oc-
curred.

The further point might well be considered fatal to re-
spondent's case.    It depended, in order to make out a case
against appellant, upon estoppel.    It had ample opportunity
to plead it and should have done so as the very groundwork
of liability.    It did not do so.    In such circumstances the
estoppel is deemed waived.

While the rule suggested has been rather softened in recent
years, and probably should be administered equitably,—not
technically, when it comes to claiming the benefit of an estop-
pel by a person, which would work considerable hardship if
successful, in that it would enrich the one invoking it largely
on account of acts of another but slightly, if at all, prejudi-
cial to that one, such person should be held pretty strictly to
the doctrine of waiver and estoppel as to his own conduct.

It may be said that waiver of the right to insist upon es-
toppel, if there were one, by not pleading it, does not apply
here because appellant waived that requisite by not objecting
to evidence; but there was nothing to object to.    Substan-
tially all facts set forth in the complaint were admitted.    No
evidence was necessary to prove them.    Evidence introduced
simply substantiated the pleaded defense.

It must be appreciated that, in a case of this sort, the de-

fendant does not lose his right by mere waiver. Valuable rights, involving large amounts of money, are not taken away by legal principles except upon substantial grounds. There may be mere waiver—action by one relied upon by another, and a change of attitude which does not involve any loss or prejudice to such other, whatever,—the intentional doing or failing to do an act with knowledge, actual or constructive, of the facts, involving voluntary relinquishment of a right, actually or constructively, within the knowledge of the relinquisher. That is one thing. *Pabst B. Co. v. Milwaukee,* 126 Wis. 110, 105 N. W. 563; *McNaughton v. Des Moines L. Ins. Co.* 140 Wis. 214, 224, 122 N. W. 764; *McDonald v. Markesan C. Co.* 142 Wis. 251, 256, 125 N. W. 444; *Will of Rice,* 150 Wis. 401, 468, 136 N. W. 956, 137 N. W. 778; *Somers v. Germania Nat. Bank,* 152 Wis. 210, 219, 138 N. W. 713. But it does not apply efficiently here, because there was neither knowledge, actual or constructive, of the facts. Had it been otherwise, and the other element of waiver existed, without some substantial element of estoppel, it would not have benefited respondent.

Counsel cite to our attention *Goodwillie v. London G. & A. Co.* 108 Wis. 207, 84 N. W. 164, which is merely to the effect that such a clause as that in question is a limitation of liability, taking the loss outside of the risks insured against. That is conceded in this case. The authority has nothing to do with any controverted matter.

In each of the adjudications cited to us, which deal with the particular matter, the element of estoppel was very prominent and upon that, instead of waiver, in the technical sense, the defense of illegal employment was held inefficient. *Tozer v. Ocean A. & G. Corp.* 94 Minn. 478, 103 N. W. 509; *Humes C. Co. v. Philadelphia C. Co.* 32 R. I. 246; *Royle M. Co. v. Fidelity & C. Co.* 126 Mo. App. 104, 103 S. W. 1098; *Employers' L. Ins. Corp. v. Chicago & B. M. C. & C. Co.* 141 Fed. 962; *Fairbanks C. Co. v. London A. Co.* 154

Mo. App. 327, 133 S. W. 664; *Globe N. Co. v. Maryland C. Co.* 39 Wash. 299, 81 Pac. 826; *Glens Falls P. C. Co. v. Travelers' Ins. Co.* 162 N. Y. 399, 56 N. E. 897.

In the first of those cases the insurance company, from first to last, knew all the facts, yet insisted upon carrying on the litigation and neglected to notify the assured of an opportunity, which was presented, of making an advantageous settlement.

In the next case, the facts were all known to the insurance company, but, it, through mistake of law, supposed itself liable and handled the litigation to the practical exclusion of the employer.

In the next, with full knowledge of all the facts, the insurance company conceded its liability until the doors were fully closed for the assured, to do anything for protection in its own behalf.

In the last case, the insurance company took charge of the litigation and continued it down to the trial and then abandoned it under such circumstances as to leave defendant unable to make a defense and so the case went, practically, by default. Thus it will be seen that prejudicial features which operated, efficiently, in the many cases cited were entirely absent here.

Recapitulating, appellant did not have knowledge of the facts until after the first case was concluded. It was not obliged to search therefor, because respondent agreed to furnish the information thereof and it had a right to assume, until informed to the contrary, that respondent had not violated the law. The condition upon which respondent relied to estop appellant from having the benefit of its pleaded defense it created by not giving the former full information at the start; moreover, by misleading respondent as to the age of the boy and his having a permit. There is not, under the circumstances any presumption of prejudice to the interests of respondent because of its carrying on the litigation as it

did. Especially is that so, since there were three grounds of liability insisted upon, which were within the risks insured against. There was no affirmative evidence of prejudice,— not a particle. The condition which respondent created may have caused appellant to defend the first action at considerable expense, when had it been fully informed, it would not have done so. The doctrine of estoppel applies quite clearly to respondent's position but not to appellant's.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to dismiss with costs.