SCHNECK, by Guardian *ad litem,* and another, Appellants,
v. MUTUAL SERVICE CASUALTY INSURANCE COMPANY,
Respondent.

TOWLE, by Guardian *ad litem,* and another, Appellants, v.
SAME, Respondent.

BRANDT, by Guardian *ad litem,* and another, Appellants, v.
SAME, Respondent.

*November 1, 1962—February 5, 1963.*

For the appellants there were briefs by *Kelley & Maeder* of Wausau, for the Brandts; *Walter A. Graunke* of Wausau, for the Schnecks; and *Crooks & Crooks* of Wausau, for the Towles; and oral argument by *Mr. Leo D. Crooks, Mr. Graunke,* and *Mr. Jerome A. Maeder.*

For the respondent there were briefs by *Smith, Puchner, Tinkham & Smith* of Wausau, and oral argument by *Richard P. Tinkham.*

HALLOWS, J. One of the grounds for granting a new trial in the interest of justice was the admission in evidence, over the objection of the defendant, of the certificate of the motor vehicle department showing the defendant had not corrected the SR–21 form in compliance with sec. 344.15 (5), Stats. The trial court thought the defendant did not have an opportunity to adequately present its defense to this claim which was not raised in the pleadings or disclosed until near the close of the plaintiffs' case. In our view, the question is whether the admission of evidence of estoppel was reversible error rather than whether it was a proper ground for a new trial in the interest of justice.

Brandt filed an accident report on May 16, 1960, stating he had insurance coverage with the defendant. On May 23d the SR–21 was mailed to the defendant by the motor vehicle department. The defendant on June 2d returned the SR–21 with corrections to show its insurance covered Brandt, the owner, but not Grace Brzezinski, the operator. Attached to

the form was the unsworn statement of Brandt, given to the defendant's adjuster a few days after the accident, to the effect there was always an understanding his daughter was never to let anyone else drive the auto. The motor vehicle department sent back the SR–21 and the statement stating the correction did not comply with sec. 344.15 (4), Stats., requiring an affidavit of no permission by the owner. Within the thirty days the defendant did not file an affidavit of Brandt or at any time thereafter. Sec. 344.15 (5).[1]

The plaintiffs claim sec. 344.15 (5), Stats., creates an estoppel as a matter of law which need not be pleaded and evidence of the fact of noncompliance with sec. 344.15 (4) is admissible without creating an issue of estoppel by pleading or informing the defendant of their claim. One purpose of the rules of pleading is to create the issues to be litigated. The majority rule, cases and jurisdictions based either on statutes, codes of procedures, rules, or judicial interpretation, requires the party who has an opportunity to do so to plead specifically an estoppel *in pais,* an estoppel by deed, and an estoppel by record, with some exceptions not material here. When estoppel is not pleaded, the facts relating thereto are inadmissible in evidence. The party by not pleading estoppel waives it and the waiver applies whether the defendant should have set up estoppel as a defense or whether the plaintiff should have pleaded it as part of his cause of action or to preclude a defense. At common law and in some jurisdictions, however, the facts of estoppel are admissible under a plea of the general issue and need not be pleaded specially except to avoid a defense set up in a special plea. See exhaustive annotation, Pleading Waiver or Estoppel, 120 A. L. R. 8; 19 Am. Jur., Estoppel, pp. 832–836, secs. 179, 180.

---

[1] Sec. 344.15 (5), Stats., provides if no correction is made in the report by the insurer within the thirty days, the insurer, except in case of fraud, is estopped from using as a defense to its liability the insured's failure to give permission to the operator of the automobile.

Wisconsin follows the majority rule. As stated in *Baierl v. Riesenecker* (1930), 201 Wis. 454, 227 N. W. 9, 230 N. W. 605, estoppel must be pleaded when the party relying upon it has an opportunity to plead it. Usually, when estoppel is a matter of defense, it must be raised by answer. *Warder v. Baldwin* (1881), 51 Wis. 450, 8 N. W. 257; *Chippewa Falls v. Hopkins* (1901), 109 Wis. 611, 85 N. W. 553. The defense of estoppel may, however, be raised by demurrer when the facts constituting estoppel are alleged in the complaint. *Brogan v. State* (1934), 214 Wis. 313, 252 N. W. 566. When the facts showing estoppel are in issue as part of the case made by the pleadings, evidence showing estoppel may be admissible as a defense without estoppel being specially pleaded. *Lawton v. Racine* (1909), 137 Wis. 593, 119 N. W. 331; *Hirsch Rolling Mill Co. v. Milwaukee & F. R. V. R. Co.* (1917), 165 Wis. 220, 161 N. W. 741; *Karlen v. Trickel* (1926), 189 Wis. 148, 207 N. W. 273. Estoppel must be pleaded in a reply to a counterclaim. *Pratt v. Hawes* (1903), 118 Wis. 603, 95 N. W. 965.

Under our system of code pleading, a reply is not permitted to an answer even though the answer sets up an affirmative defense. In some of the older cases, because of this, it has been held that there is no opportunity to plead estoppel to an answer and evidence thereof is admissible because of lack of opportunity. See *Waddle v. Morrill* (1870), 26 Wis. 611; *Gans v. St. Paul Fire & Marine Ins. Co.* (1877), 43 Wis. 108; *Johnston v. Northwestern Live Stock Ins. Co.* (1896), 94 Wis. 117, 68 N. W. 868. The rationale of these cases rests on "the necessity of the case."

We do not believe "the necessity of the case" is necessarily created by the failure of the code to provide for a reply to an affirmative defense set up in the answer or is any justification under our modern practice for a plaintiff, knowing his cause of action depends in part upon estoppel, to try the merits of the defense of no permission without disclosing

in the pleading or otherwise making the claim of estoppel to the defense before offering evidence at the close of his case, as was done here. There may be situations in which evidence amounting to an estoppel of a fact as distinguished from a defense would be admissible. Such admissible facts amount to mere evidence and do not rise to the dignity of an estoppel as an issue in the case. The principle, that a plaintiff who knows of his claim of estoppel and does not plead it in his complaint or amend his complaint or otherwise raise the issue timely waives it, has been recognized in *Staats v. Rural Mut. Casualty Ins. Co.* (1956), 271 Wis. 543, 74 N. W. (2d) 152; *J. S. Stearns Lumber Co. v. Travelers Ins. Co.* (1915), 159 Wis. 627, 150 N. W. 991. If pleadings are to fulfil their purpose and issues fairly created so the litigants and the court know what is being tried, a plaintiff ought to amend his complaint when a reply is not permitted. While it might be claimed anticipatory matters should not be pleaded in a complaint, it can hardly be said to be anticipatory after the answer is put in. Amending the complaint after answer is not an unusual procedure. Pleadings under our practice may be amended with permission of the court any time up to and even after judgment. Sec. 269.44, Stats.

In rejecting the highly technical forms of common-law pleading, our code perhaps has gone to the other extreme to the extent that pleading has become a lost art and fails in some respects to define all the issues with clarity. This defect was recognized by the adoption of the technique of pretrial conferences. Two purposes of a pretrial conference are to simplify the issues and determine the necessity or desirability of amendments to the pleading. Sec. 269.65 (1) (a) and (b), Stats. Sub. (2) of this section requires a court to make an order which recites the action taken, the amendments allowed, and the agreements made which limit the issues for trial. When such an order is made it controls the

subsequent course of action. Although a pretrial conference was held in this case and no disclosure made of the defendant's failure to file the owner's affidavit, or that the plaintiffs were relying on estoppel to preclude the defense of no permission, no order contemplated by the statute was made. While pretrial conferences are not mandatory under the statute, they are certainly advisable and the statute should be followed if its benefits are to be obtained. Assuming the plaintiffs had no opportunity to amend their complaints, they had the opportunity and the duty to disclose and raise the issue at the pretrial conference, which they did not do. The plaintiffs, not having created an issue in the pleadings when they had an opportunity to do so prior to attempting to submit evidence of estoppel, have waived that issue in this case.

The plaintiffs further contend because the estoppel created by sec. 344.15 (4), Stats., is one created as a matter of law and is a matter of evidence only, it differs from estoppel at common law or in equity and consequently the rules of pleading do not apply. We do not agree. The estoppel created by this section removed only the element of reliance from equitable estoppel and did not make it merely a matter of evidence. The plaintiffs rely on *Prisuda v. General Casualty Co.* (1957), 1 Wis. (2d) 166, 83 N. W. (2d) 739, but that case was decided under the former Safety Responsibility Law under which insurance companies filed the SR–21, not under the present law which requires the insured to file the insurance information and allows the insurer to correct it. Sec. 344.15 (4). Prior to the amendment of this section in 1957, the filing of an SR–21 was voluntary by the insurer and treated as an admission against interest. In *Prisuda v. General Casualty Co.* (1956), 272 Wis. 41, 74 N. W. (2d) 777, no pleadings referred to the SR–21 filed by the defendant and the SR–21 was held inadmissible. In the second *Prisuda Case,* the amended pleadings alleged the filing of the

SR–21 which was admitted in evidence as a statement against the insurer's interest. The reference to sec. 85.09 (11) (now sec. 344.21, Stats.) in the second *Prisuda Case,* providing a notice of insurance is admissible if otherwise material and admissible under the rules of evidence, must be read in connection with the holding the SR–21 was a statement against interest and within the pleadings. Sec. 344.21 does not help the plaintiffs; they were not attempting to introduce in evidence a notice of insurance but a certificate of the motor vehicle department that no correction of the SR–21 was filed. The notice of insurance was filed by the insured. Because of the change in the Safety Responsibility Law now requiring the insured to file the notice of insurance and only allowing the insurance company to correct it, the *Prisuda Case* is not authority for the plaintiffs' position.

Deciding, as we do, it was error for the court to admit any evidence on the question of estoppel and such error requires a new trial, we do not reach the question of whether the defendant substantially complied with the statute nor do we need to consider the constitutionality of sec. 344.15 (4) and (5), Stats. It was on this point after oral argument that the court asked for briefs. Likewise, it is not necessary to consider the other reasons given by the trial court in granting a new trial in the interest of justice or the contention the plaintiffs were entitled to judgment on the verdict.

However, the defendant on its cross appeal urges error in the refusal of the trial court to dismiss the complaints on the ground there was no credible evidence to sustain the jury finding that Patricia Brandt had the right to let others drive the car. In July, 1959, nine months before the accident, Patricia Brandt received her learner's permit. She was then sixteen. During this time her father told her frequently not to let anyone else drive the car. In August, 1959, she received her regular operator's license and was allowed to use

the car when she requested permission. On some of these occasions she was told to drive carefully and to treat the car as her own. She was not told she could let others drive. Patricia Brandt testified there was an understanding at one time with her father that she should not let others drive but she did not have such an understanding on the day of the accident. Mr. Brandt testified he understood the restriction against letting others drive was still in force at the time of the accident.

Plaintiffs argue that what Mr. Brandt's understanding was is not pertinent but as much can be said for what Patricia's understanding was. In his signed statement, Mr. Brandt stated an understanding existed on the day of the accident and he did not know his daughter had been letting others drive his car. Patricia admits she never told her father she had been letting others drive. In fact, Patricia had let Grace Brzezinski, a minor who had no driver's license, drive four or five times.

The jury apparently took the plaintiffs' view of the evidence. The finding might be inferred from the evidentiary facts that the last time Patricia Brandt was told not to let others drive the car was during her learning period some nine months before the accident, that she had driven the car 30 or 40 times for her own pleasure without any express restrictions, she had been told to treat the car as her own, and on occasions Brandt had stated his daughter could use the car or "you girls can use the car" but he wanted the girls to drive carefully. The defendant argues it is conceded Patricia had no express permission to permit others to drive her father's car and while he advised his daughter to treat the car as her own, this only meant that she should be careful. It is common knowledge a minor takes better care of his own property than he does of another's. There is evidence of the existence of an understanding of no permission and a conflict over the duration of the understanding.

An issue was thus created of whether the course of conduct and the other circumstances which existed between the father and the daughter were such that, when on the day of the accident Mr. Brandt gave permission to his daughter to use the car, such permission was impliedly limited in that she was not to allow others to drive. We agree with the trial court that a jury issue was present. The defendant's motions for directed verdict and to dismiss were properly denied.

The defendant contends the issue of lack of co-operation by Brandt was not properly addressed to the jury. This may be true and material if the defense had merit. The verification of the complaint by Brandt is not a lack of co-operation. Co-operation by an insured should not bar him from commencing an action against his insurer. The allegation of permission did not mislead the defendant nor did Brandt fail to co-operate in the investigation of the accident made by the defendant. Unless the testimony of Brandt at the trial was substantially contradictory to the information given to the defendant in the investigation, there would be no breach of contract for lack of co-operation. We find no substantial contradiction, but more fundamental the defendant needed to show it has been harmed by the alleged breach of the policy through lack of co-operation. In the absence of such showing, the insurer is not relieved of liability to third parties. *Kurz v. Collins* (1959), 6 Wis. (2d) 538, 95 N. W. (2d) 365; *Stippich v. Morrison* (1961), 12 Wis. (2d) 331, 107 N. W. (2d) 125. In our view, this issue is now out of the case.

The defendant complains of the court's instructions on the question of permission. The instruction stated substantially if the jury was satisfied that when Frank Brandt permitted his daughter to use his car on the day of the accident, he gave such permission without any express or implied limitation or restriction with respect to permitting others to operate the car, it should answer the question "Yes." The instruction is somewhat confusing. There was no issue or evidence

of any express limitation given on the date of the accident. The instruction had a tendency to prohibit the jury from considering the repeated and unchanged instruction of Brandt to his daughter never to let anyone else drive the car. While the instruction is not an incorrect statement of the law, it could well have been expanded. It did not define or explain what an implied or restrictive limitation was. Obviously, the jury had some difficulty with the instruction because during its deliberations the jury returned and asked the court to repeat the instruction.

However, taking the instruction in connection with the related question in the verdict which asked whether permission was given to Patricia Brandt under such circumstances that she had implied permission to use the auto as she saw fit, including the unrestricted permission to permit others to drive the car, we cannot say the instruction was prejudicial or in error. In the absence of express permission to let others drive, the scope of the permission must be determined by the circumstances. *Harper v. Hartford Accident & Indemnity Co.* (1961), 14 Wis. (2d) 500, 111 N. W. (2d) 480. On the retrial, a more-complete instruction should be given.

*By the Court.*—The order granting the new trial is modified to limit the new trial to the issue of no permission and, as so modified, the order is affirmed; the other orders are affirmed. No costs are to be taxed by either party.