Rudolph J. ARLT, Jr., individually and as special administrator of the estate of Kenneth M. Arlt, and Kloy Arlt, Plaintiffs-Appellants,†

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent,

Michael J. BERG, Worldwide Underwriters Ins. Co., Wisconsin Electrical Employees Health & Welfare Fund, Third Party Defendants.

Court of Appeals

*No. 93–1889. Oral argument April 21, 1994.—Decided February 9, 1995.*

(Also reported in 530 N.W.2d 21.)

†Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the brief of *James G. Curtis* of *Hale, Skemp, Hanson & Skemp* of La Crosse. Oral argument by *James G. Curtis*.

For the defendant and third-party plaintiff-respondent the cause was submitted on the brief of

*Bryant Klos* of *Klos, Flynn & Papenfuss-Chartered* of La Crosse. Oral argument by *Bryant Klos*.

Brief of amicus curiae third party defendant, Worldwide Underwriters Insurance Company, was filed by *James E. Garvey* of *Garvey, Anderson, Johnson, Gabler & Geraci, S.C.* of Eau Claire.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J.   Rudolph J. Arlt, Jr.[1] and Kloy Arlt appeal from a judgment dismissing their complaint against their uninsured-motorist insurer, American Family Mutual Insurance Company, after the trial court granted American Family's summary-judgment motion. The issues are (1) whether an insured may recover on his or her uninsured-motorist provision when the liability insurer of the adverse driver has a coverage defense but is statutorily estopped from using it, and (2) whether the uninsured-motorist provision at issue here applies regardless of estoppel. We decide both issues against the Arlts and affirm the judgment dismissing their complaint against American Family.

## 1.   Background

The Arlts seek damages arising from a 1990 motor-vehicle accident. They brought suit against their uninsured-motorist insurer, American Family, on three policies it had issued to them. They claim that because they are entitled to recover damages from the adverse driver and that driver was uninsured, American Family is liable to them on its uninsured-motorist coverage.

---

[1] Mr. Arlt acts on his own behalf and as special administrator of the Estate of Kenneth M. Arlt, his son.

The Arlts alleged that (1) the adverse driver, Michael Berg, was uninsured because he had no permission to drive the car, (2) he was causally negligent, and (3) Kenneth Arlt, his passenger, suffered serious injury. They requested a declaratory ruling, under § 806.04, STATS., that they are entitled to recover uninsured-motorist benefits from American Family because of Berg's uninsured status.

American Family denied liability and filed a third-party complaint joining Berg and Worldwide Underwriter's Insurance Company, the insurer of the vehicle Berg was operating, to recover on American Family's subrogation for all damages payable to the Arlts. American Family further alleged that a permissive-use provision in the Worldwide policy is void under Wisconsin law, and that Worldwide had failed to comply with the requirements of § 344.15(4), STATS., regarding the filing of an affidavit of nonpermission from the vehicle owner.

The Arlts brought this action against American Family rather than Berg and Worldwide because the total uninsured-motorist coverage under American Family's policies exceeds Worldwide's liability limits. Worldwide's policy has liability limits of $100,000. American Family provides uninsured-motorist coverage totaling $300,000.

Section 344.15, STATS., provides in pertinent part:

> (4) After receipt of the report of an accident of the type specified in s. 344.12, the secretary [of transportation] may forward to the insurer named therein, that portion of the report or other notice which pertains to an automobile liability policy. . . . The secretary shall assume that an automobile liability policy . . . as described in this section was in effect and applied to both the owner and operator

with respect to the accident unless the insurer notified the secretary otherwise within 30 days from the mailing to the insurer of that portion of the report or other notice pertaining to the automobile liability policy . . . .

(5) Nothing in this chapter shall be construed to impose any obligation not otherwise assumed by the insurer in its automobile liability policy . . . except that if no correction is made in the report or other notice within 30 days after it is mailed to the insurer, the insurer, except in case of fraud, whenever such fraud may occur, *is estopped from using as a defense to its liability the insured's failure to give permission to the operator* . . . .

(Emphasis added.)

After receiving a report of the accident, the secretary of transportation, pursuant to § 344.15(4), STATS., mailed to Worldwide a notice to verify that Worldwide had in effect liability insurance coverage which applied both to the owner and the operator of the vehicle. Worldwide failed to timely notify the secretary that Berg did not have the owner's permission to operate the vehicle. That failure was not caused by fraud.

American Family asserts that because Worldwide is estopped under § 344.15(5), STATS., from using as a defense to its liability the insured's failure to give permission to Berg to operate the vehicle, the vehicle was not uninsured, and American Family's uninsured-motorist coverage does not apply. The trial court agreed and dismissed the Arlts' complaint against American Family.

2. Estoppel: Person Against Whom Asserted

The Arlts emphasize that their claims are directed to American Family rather than Berg and Worldwide.

They argue that the provision in § 344.15(5), STATS., that the insurer "is estopped from using as a defense to its liability the insured's failure to give permission to the operator" applies only when a person who has suffered damages asserts a claim against the operator or the vehicle's insurer.[2]

The Arlts' argument is unconvincing. Section 344.15(5), STATS., is unambiguous. It does not limit the statutory estoppel to an action against any particular person. Berg is covered by liability insurance because Worldwide is estopped from claiming he is not covered. Therefore the uninsured-motorist provision in American Family's policy is unavailable to the Arlts.

The Arlts argue that the statute cannot estop Worldwide from denying liability when they have not asserted a claim against Worldwide.[3] The fact remains that Berg is insured because Worldwide is estopped from asserting the defense that would otherwise deprive him of insurance.

■■■■

Because the statute is unambiguous, we do not resort to the rules of construction. *State v. Gilbert*, 115 Wis. 2d 371, 377, 340 N.W.2d 511, 514 (1983). We note, however, that the Arlts' reading of § 344.15(5), STATS., would make uninsured-motorist coverage depend on the insured's decision whether to bring an action against its uninsured-motorist insurer or against the adverse driver and the vehicle's estopped liability

---

[2] After the trial court granted American Family's motion for summary judgment, the Arlts filed a second amended complaint asserting alternate claims against Berg and Worldwide.

[3] As we just noted, the Arlts only amended their complaint to assert alternate claims against Worldwide and Berg after the trial court granted American Family's summary-judgment motion.

insurer. If Worldwide's liability limits had exceeded American Family's uninsured-motorist coverage, surely the Arlts would have brought an action against Berg and Worldwide and insisted that Worldwide was estopped from relying on its defense that Berg lacked permission to operate the vehicle. That construction of § 344.15(5) would work an unreasonable result. We are to avoid a construction that would work an unreasonable result. *State v. Pham*, 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987).

### 3. Estoppel: Detriment Element

The common-law elements of equitable estoppel are (1) action or inaction that (2) induces reliance by another (3) to his or her detriment. *Mercado v. Mitchell*, 83 Wis. 2d 17, 26-27, 264 N.W.2d 532, 537 (1978). The Arlts cite *Schneck v. Mutual Serv. Casualty Ins. Co.*, 18 Wis. 2d 566, 119 N.W.2d 342 (1963), for the proposition that the "action" and "detriment" elements of equitable estoppel apply to a § 344.15(5), STATS., estoppel. The *Schneck* court said that the "estoppel created by this section removed only the element of reliance from equitable estoppel and did not make it merely a matter of evidence." *Schneck*, 18 Wis. 2d at 573, 119 N.W.2d at 346. The Arlts contend that statutory estoppel arises only when the accident victim suffers a detriment if the insurer is not estopped from denying liability coverage, and detriment is absent here because American Family's uninsured-motorist coverage affords them greater benefits than does Worldwide's liability policy.

The *Schneck* court did not hold that the common-law elements of estoppel must be proved for the statutory estoppel in § 344.15(5), STATS., to apply. The issue

before the *Schneck* court was whether a party must plead or otherwise raise statutory estoppel prior to attempting to submit evidence of estoppel. The court concluded that a party must do so. *Schneck*, 18 Wis. 2d at 573, 119 N.W.2d at 346.[4]

Moreover, § 344.15(5), STATS., does not provide that a detriment must be proved or suffered by the accident victim. The statutory estoppel protects both the accident victim and the operator of a vehicle who would otherwise face a coverage defense. If detriment is required, it exists. Berg suffered a detriment because he has no liability coverage without the estoppel. Unless Worldwide is estopped from denying coverage, Berg is exposed to providing his own defense and may be liable to American Family, on its subrogation claim, for any payment it is required to make on its uninsured motorist coverage.

4.   Policy's Uninsured Motor Vehicle Definition

The Arlts next contend that because Berg lacked permission to operate the vehicle he was driving at the time the accident occurred, it is an "uninsured motor vehicle" under the American Family policy. Under American Family's policy, uninsured motor vehicle means a motor vehicle that is:

(a)   Not insured by a bodily injury liability bond or policy *at the time of the accident*;

(b)   Insured at the time of the accident by a liability bond or policy with bodily injury liability limits

---

[4] The supreme court has since limited that holding to situations where estoppel affects the merits of the case. *D'Angelo v. Cornell Paperboard Prods. Co.*, 33 Wis. 2d 218, 230, 147 N.W.2d 321, 327 (1967).

below the minimum required by the financial responsibility law of the state in which your insured car is principally garaged.

(c)   A hit-and-run vehicle whose operator or owner is unknown and which causes bodily injury to you or a relative.

(d)   Insured by a bodily injury liability bond or policy at the time of the accident but the company denies coverage or is or becomes insolvent.

(Emphasis added.)

The Arlts argue that the accident vehicle is an "uninsured motor vehicle" under para. (a). Given the context, para. (a) must apply when neither the operator of the motor vehicle nor its owner had in existence any liability coverage, and not when a policy exists but coverage is questionable. Paragraphs (b) and (c) are not at issue in this case. Paragraph (d) would apply, absent estoppel, because the automobile which Berg operated was insured under the Worldwide liability policy at the time of the accident, and the company denied coverage. However, by virtue of the statutory estoppel in § 344.15(5), STATS., Worldwide is estopped from denying coverage. Consequently, the automobile operated by Berg is not an "uninsured motor vehicle" within the definition of the term in the American Family policy.

We conclude that the judgment dismissing the Arlts' complaint must be affirmed.

*By the Court.*—Judgment affirmed.