## BROGAN, Plaintiff, vs. THE STATE, Defendant.

*January 12—February 6, 1934.*

For the plaintiff there was a brief by *Gold & McCann,* attorneys, and *Wood, Warner & Tyrrell* of counsel, all of Milwaukee, and oral argument by *Walter L. Gold.*

For the defendant there were briefs by the *Attorney General* and *Herbert H. Naujoks,* assistant attorney general, and oral argument by *Fred W. Armstrong* of Madison and *J. E. Messerschmidt,* assistant attorney general.

FOWLER, J. The defendant demurs to the complaint on the ground that it does not state a cause of action. The action is brought to recover damages for alleged breach of four contracts between the plaintiff and the state for construction of four overhead highway railroad crossings. The contracts were executed in behalf of the state by the State Highway Commission pursuant to provisions of sec. 4 of ch. 22, Laws of 1931, which were enacted for the purpose of relieving the situation of unemployment generally existing in the state. The contracts contain a provision as follows:

"2. *Labor.* The workmen to be employed by the contractor must be selected from lists of applicants certified by the Industrial Commission. All eligible workmen will have cards showing that they meet all the requirements set up by the unemployment relief commission in accordance with provisions of ch. 22, Laws of 1931."

The basis of the complaint, as we understand it, is that the state breached the provision of the contracts above quoted by putting on the list of workmen from which the plaintiff's workmen had to be selected workmen who were incompetent. The general claim for damages consequent upon these alleged breaches is that the plaintiff was obliged to accept such workmen as the state supplied; that great numbers of those supplied were incompetent; that plaintiff was obliged to pay the incompetent workmen wages until

their incompetency was ascertained, and thereby subjected to labor costs $85,000 in excess of those he would have incurred had the workmen furnished him been competent.

It may be stated at the outset that if the conclusions of plaintiff as to the construction of the contracts as stated in his complaint were admitted by the demurrer the complaint would state causes of action. But the contracts are attached to the complaint, and the obligations of the state must be determined from the contracts themselves, the statute pursuant to which they were made, and the general rules of law applicable. It is only the facts stated in the complaint that are admitted by the demurrer.

It seems too plain for argument that the clause of the contract quoted does not purport to impose the contractual duty upon the state to furnish to plaintiff competent workmen. It merely imposed a restriction upon the contractor. It obligated him to procure his workmen from a designated group, the members of which were to be determined by the Industrial Commission. The state did not by the contracts agree to determine the competency of members of the group. The statute pursuant to which the contracts were entered into does not purport to impose upon the Industrial Commission the duty of making such determination for the state or for the contractor. If the contracts or the statute impose no such duty on the state, the state is not liable because the Industrial Commission did not perform such duty even if the statute imposed such duty on the Industrial Commission for the benefit of the contractor. It is necessary to keep in mind the distinction between contractual obligations or duties which the state imposes upon itself by contract and the duties of administrative and other state agencies imposed upon them by statute in the exercise of the state's governmental function. As to duties imposed by legislative enactment in the exercise of governmental functions, a contractor

runs the same risk or hazard of non-performance of duties so imposed as does every other citizen of the state. This is beside the instant case, however, as the statute does not impose on the Industrial Commission the duty of selecting competent workmen for the plaintiff or of supplying a list of competent workmen to the plaintiff from which to select his workmen. This action is based upon alleged violation by the state of its contractual obligations.

This seems all that is really necessary to say to justify sustaining of the demurrer, but as counsel have gone to great pains to state their contentions we will treat them more in detail.

The contention of the plaintiff is in effect that by the provision of the contract quoted the state warranted that the workmen on the list of applicants certified by the Industrial Commission would be competent. If the contracts were construed as implying such a warranty by the state they would be void because no agents of the state were authorized by the act authorizing the projects to make any such warranty. If authority to make an express warranty of competency cannot be found in the act, the agents who acted for the state in entering into the contract were not authorized to make an express warranty of competency, and if they had no authority to expressly warrant competency they had no authority to enter into a contract in such terms as to imply such a warranty. The act shows that the only power the agents of the state had respecting the labor to be employed is that expressed in sub. (5) of sec. 4. Those acting for the state were required by that subsection to provide in the contracts that no workman should be employed on the project who had not been a *bona fide* resident of the state for five years. Thus five years' residence is the only qualification of the workmen prescribed by the act. The Industrial Commission had no authority to certify any qualifica-

tion other than five years' residence, and no agent of the state by any stretch of implied power had any authority to warrant any other or further qualification. It is no new thing to limit the powers of agents of the state in entering into contracts in behalf of the state to the things specified in the act constituting their authority, or to declare void contracts or provisions in contracts beyond the authority of agents to make or to insert. This is according to "the repeated decisions of this court that the acts of officers beyond their lawful authority can create no legal claim against the state." *State ex rel. Harney v. Hastings,* 12 Wis. *596, 664; *State v. Mills,* 55 Wis. 229, 12 N. W. 359; *Skobis v. Ferge,* 102 Wis. 122, 78 N. W. 426.

Perhaps one or two specific allegations of the complaint should receive special mention. The complaint states that the plaintiff often demanded but never secured from the Industrial Commission lists of workmen from which to select the workmen he required. But it also alleges in detail the manner in which workmen were certified by the commission. From these specific allegations it appears that in each instance of a request from the plaintiff applicants certified by the commission to the number requested applied to the plaintiff for work. These allegations are inconsistent with the allegations respecting demands for and refusals of certified lists of applicants. Being definite and specific they overcome the general allegation above stated. It does not appear that the plaintiff ever objected to the procedure by which his requests for workmen were complied with, and objection will not be presumed. By acquiescence in this practice during performance of the work the plaintiff is estopped from now objecting that the state did not comply with the provision of the contract respecting certification of applicants. The plaintiff urges that estoppel is a defense and must be raised by answer. This is true as a general rule,

but when the fact constituting the estoppel is alleged in the complaint, demurrer lies. 21 Corp. Jur. p. 1245, and cases cited; *McFarland v. Rogers,* 1 Wis. *452.

It is alleged in the complaint that the Industrial Commission, from whose lists the workmen were certified, "made no investigation as to the fitness or lack of fitness of the workmen certified by them to perform the work." It is contended that it was the duty of the state to make such investigation as was necessary to enable the state to determine the fitness of applicants before certifying them. Upon this point it is sufficient to say that the labor provision of the contracts does not purport to impose on the Industrial Commission any such duty. And if it did the provision would be void for the reason that the statute pursuant to which the provision was inserted in the contracts does not confer authority on anybody to impose any such duty upon the state or any agency of the state.

We are not unmindful of the contention of plaintiff's counsel that subs. (3) and (4) of sec. 4 of the act authorize contracts with construction as they claim. We do not read these sections as conferring blanket authority on the unemployment relief commission to bind the state by any sort of a contract they might attempt to make. Sub. (3) merely confers upon them power to make such arrangements as they may see fit for performing their own duties under the act and exclusive authority over work done under the contract. As far as labor is concerned, they are authorized to enforce the provision of the act respecting employment of resident laborers and that is the extent of their authority. Sub. (4) merely exempts the commission from compliance with general statutory provisions relating to advertising for bids.

*By the Court.*—An order will be entered sustaining the demurrer.