OLSEN and wife, Respondents, vs. ORTELL, by Guardian, Appellant.

*June 4—July 3, 1953.*

For the appellant there was a brief by *Foley & Foley,* and oral argument by *Rex Capwell, Jr.,* all of Racine.

For the respondents there was a brief and oral argument by *Arthur H. Strochan* of Antigo.

FAIRCHILD, J.   The facts alleged in the respondents' complaint and admitted by appellant's demurrer show that Katherine A. Ortell never had and that she does not claim to have an interest adverse to the plaintiffs arising out of the contract which is the basis of this litigation.   She was in no sense of

the word a party to the transaction, and as her husband's interest or rights under the contract never ripened into an estate of inheritance, his wife, Katherine Ortell, appellant, has no right or claim under the facts here that would make her either a necessary or a proper party to the action for strict foreclosure of a land contract not signed by her.

Appellant's husband joined with Thomas Burman and Mary J. Burman, his wife, in an agreement to purchase real estate. Under the terms of the contract, the buyers agreed to hold the land as tenants at sufferance, subject to be removed as tenants holding over by process whenever default occurred. The buyers were in default at the time the action was commenced.

The complaint does contain an allegation that the appellant has or claims to have some lien upon the property. However, because the true facts as in the complaint set forth show she cannot be the beneficiary of any claim arising from a lien, and because, as said in *Inglis v. Fohey,* 136 Wis. 28, 33, 116 N. W. 857, with reference to dower of a wife, she "had no inchoate dower right, because her husband had no title, legal or equitable, at the time he made the contract with the plaintiff, but only a mere contract right to purchase," it would of course follow that the husband's default could be of no advantage to her. It also follows that the allegation that appellant Katherine A. Ortell has or claims to have a lien on the property is not founded upon fact and cannot be considered as other than a conclusion of law, for "a demurrer to a complaint admits all the facts therein well pleaded, but it does not admit erroneous conclusions drawn from such facts by the pleader even though the conclusions bear the semblance of statements of fact." *Northwestern Mut. L. Ins. Co. v. State,* 173 Wis. 119, 125, 180 N. W. 138.

Since the husband in this case had only a contractual right based on his individual interest in a contract, and since he was in default, his wife has no interest arising here out of her

rights in dower or otherwise. Thus, the sole question presented on this appeal, whether a wife may be joined with her husband as a party defendant in an action for strict foreclosure of a land contract not signed by her, no title having matured in her husband's favor, must be answered in the negative.

*By the Court.*—Order reversed and cause remanded.