JENKINS and others, Appellants, v. STATE, Respondent.

*April 5—May 2, 1961.*

For the appellants there were briefs by *Goldberg, Previant & Cooper* of Milwaukee, and oral argument by *Richard M. Goldberg.*

For the respondent the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

BROADFOOT, J. By demurring to the complaint the defendant admitted all of the facts well pleaded therein but it did not admit conclusions of law nor did it admit erroneous

conclusions drawn from such facts by the pleader even though the conclusions bear the semblance of statements of facts. *Northwestern Mut. Life Ins. Co. v. State,* 173 Wis. 119, 180 N. W. 138; *Olsen v. Ortell,* 264 Wis. 468, 59 N. W. (2d) 473.

The state, through various agencies, may enter into contracts with individuals and, when properly entered into, the state's rights and duties thereunder are the same as those of a private person. The complaint recites that the plaintiffs and the persons whom they allege to represent had a contract with the state through the Board of Regents of the State Colleges by virtue of certain resolutions adopted by the board and by performing services pursuant thereto. The complaint seems to indicate that this was a single contract with 133 individuals. Neither the body of the complaint nor the resolutions state when the contract was entered into, what the terms thereof were, the termination date, and other facts that should be pleaded in actions for breach of contract. Nor does the complaint allege any facts to show in what manner the contract was breached. The complaint alleges that by a resolution effective July 1, 1956, the board adopted a new salary policy to be applicable in the future and that these new employment resolutions canceled earned rights under the old contract of employment and canceled all summer leave earned pursuant thereto. These allegations, contained in paragraph numbered III, are based upon the pleader's conclusions of law drawn from the resolutions. The allegations together with the resolutions are insufficient to state a cause of action. . There is no allegation that any of the teachers received a smaller salary after July. 1, 1956, than he received before, nor is there any allegation that any teacher was refused a summer leave without reduction in pay. We can only interpret resolution 1165 as indicating that the plaintiffs and those whom they allege to represent

each had a summer leave or were paid extra for teaching in a summer session subsequent to July 1, 1956.

Thus the complaint is deficient in that it does not state a cause of action and that it does not state facts to indicate that any of the claimants was damaged as a result of the adoption of the new salary policy. Without an allegation that salaries were reduced as a result of the new policy there could be no damage whether a teacher received the amount of his salary in 10 instalments or in 12.

In paragraph numbered V it is alleged that the unilateral action of the board also had the effect of canceling an initial salary deficiency which had resulted from the practice of withholding two fifths of the first month's salary and which was traditionally paid upon retirement or severance of employment. Nowhere are there any allegations to indicate that there was ever an initial salary deficiency or the withholding of two fifths of a first month's salary. The extract from the Faculty Handbook indicated that teachers who commenced their teaching services in the fall semester began work on September 12th. They were paid from that date. That handbook was dated in 1953 when all teachers were hired on an annual basis. There is no allegation that after completing one full year of services any teacher had not received his entire annual salary. The allegations contained in the complaint in this respect do not show any breach of contract or any damage resulting to any of the claimants.

Without stating how or why, there is a conclusion of law stated in paragraphs IV and V that the change in the salary policy effective July 1, 1956, resulted in some forfeiture of the triennial leave earned prior to the change as well as of reimbursement for two fifths of a month's salary that was traditionally paid upon retirement or severance of employment. It is possible that if one of the claimants had severed his employment because of the change in the salary policy

of the board he might have had some claim against the state. We do not, however, pass upon that issue. It is not before us. It is clear from the complaint that none of the claimants has retired or severed his employment. It is stated in the complaint that the three named plaintiffs and those whom they claim to represent were faculty members employed by the state at the time of the commencement of the action in March, 1960.

For the reasons stated above we agree with the trial court that it appears upon the face of the complaint that the same does not state facts sufficient to constitute a cause of action. It is not necessary, therefore, to pass upon the other grounds for the demurrer.

*By the Court.*—Order and judgment affirmed.

FAIRCHILD, J. (*concurring*). It seems clear to me that a teacher who taught from September 12, 1953, to July 1, 1956, had, when the latter date arrived, earned a full three years' salary and had received all of it except one fifth of one year's salary. Under the old payment plan, payment of this one fifth would have been made in the August, September, and part of the October instalments. Under the new payment plan, this one fifth was received as part of the salary ostensibly paid for the academic year 1956–1957. Thus, a teacher whose salary was stated at the same total sum for the nine-month academic year 1956–1957 as for the previous twelve-month year did not really receive the same salary for teaching the nine months of the academic year 1956–1957 as he did for his services during the previous full year. The complaint, it seems to me, fails to allege that any teacher represented by plaintiffs had a contract to receive the same total sum for the nine-month academic year 1956–1957 as for the previous twelve-month year.

It seems probable that there may have been, as a matter of personnel policy, unfair discrimination between a teacher

newly hired for the 1956–1957 academic year who had no accrued vacation rights and teachers represented by plaintiffs who did have such accrued rights, if the former were hired at the same stated salary and had the same qualifications as the latter. Plaintiffs, however, have not alleged facts to show that such treatment violated any contract.