RANK, Respondent, v. LEASE ASSOCIATES, INC., and others, Appellants.

*No. 54. Argued January 8, 1970.—Decided February 6, 1970.*
(Also reported in 173 N. W. 2d 713.)

690

For the appellants there was a brief by *Cahill & Fox,* attorneys, and *Daniel O. Ryan, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Ryan.*

For the respondent there was a brief and oral argument by *Ralph J. Podell* of Milwaukee.

WILKIE, J. It is conceded that the complaint is not demurrable insofar as a cause of action is stated with respect to the alleged contract for the purchase of stock. One further issue is dispositive of this appeal, namely: Has the plaintiff sufficiently alleged his status as a stockholder of the defendant corporation so as to entitle him to bring a derivative action on the corporation's behalf?

The plaintiff strenuously urges, and the trial court so found, that he sufficiently alleged his status as a stockholder in the defendant corporation so as to entitle him to bring the derivative action on its behalf. The plaintiff argues that in his complaint he has alleged that he is a stockholder in the corporation and that the defendant by demurring to the complaint has admitted this allegation as true.

This court has said:

" 'By demurring to the complaint the defendant admitted all of the facts well pleaded therein but it did not admit conclusions of law nor did it admit erroneous conclusions drawn from such facts by the pleader even though the conclusions bear the semblance of statements of facts.' " [1]

---

[1] *Sipple v. Zimmerman* (1968), 39 Wis. 2d 481, 489, 159 N. W. 2d 706; *Northwestern Mut. Life Ins. Co. v. State* (1920), 173 Wis. 119, 180 N. W. 138; *Olsen v. Ortell* (1953), 264 Wis. 468, 59 N. W. 2d 473; *Jenkins v. State* (1961), 13 Wis. 2d 503, 108 N. W. 2d 924.

This allegation that the corporate defendant at one time in an insurance application stated that plaintiff was secretary-treasurer and a stockholder is an allegation of a material fact and as such is admitted by demurrer.[2]

In addition to this factor as an indication that the plaintiff is a stockholder, there are many cases dealing with the rights and status of stock subscribers. From these cases it could be reasoned by analogy that the plaintiff is a stockholder in the defendant corporation.[3] In other words, the plaintiff's position could be likened to a subscriber for unsold capital stock of a corporation, who by virtue of his contract of purchase, becomes a stockholder and as such entitled to enforce the ordinary rights of stockholders against the corporation.[4]

Generally, one alleging status as a stockholder such as in the instant case has alleged sufficient status to bring a derivative action.[5] However, since the corporation law was codified in 1953 the Wisconsin statutes, by sec. 180.405, require that the plaintiff be a registered shareholder of the corporation at the time of the transaction complained of.[6]

---

[2] See generally, Sipple v. Zimmerman, supra, footnote 1.

[3] See Smith v. Burns Boiler & Mfg. Co. (1907), 132 Wis. 177, 111 N. W. 1123; Franey v. Warner (1897), 96 Wis. 222, 71 N. W. 81; Rehbein v. Rahr (1901), 109 Wis. 136, 85 N. W. 315. Cf. Badger Paper Co. v. Rose (1897), 95 Wis. 145, 70 N. W. 302.

[4] See Southwestern Slate Co. v. Stephens (1909), 139 Wis. 616, 120 N. W. 408.

[5] 2 Hornstein, Corporation Law and Practice, p. 193, sec. 712.

[6] "Sec. 180.405 Shareholders' derivative actions. (1) No action may be instituted or maintained in the right of any domestic or foreign corporation by the holder or holders of shares or of voting trust certificates representing shares of such corporation unless:

"(a) The plaintiff alleges in the complaint that he was a registered shareholder or the holder of voting trust certificates at the time of the transaction or any part thereof of which he complains or that his shares or voting trust certificates thereafter devolved upon him by operation of law from a holder who was a

Under the plain terms of the statute, the plaintiff in a derivative action must be a *registered* holder of stock. Another state has a statutory requirement that a stockholder bringing a derivative action must be a registered stockholder at the time the transaction complained of took place.[7]

Plaintiff argues that the Wisconsin statute should be construed to ignore completely the word "registered." He cites the revision committee note to this section indicating that the legislative purpose of this restrictive language was not to bar good-faith derivative actions but rather to prevent the corporation from being deluged by "strike suits." We submit that one of the prerequisites that the legislature had in mind in reaching its objective of insuring good-faith derivative actions was by the express requirement that the stockholder be registered.

We have held that in determining legislative intent this court may so construe the statute in question to determine the real intent even though this intent be contrary to the express language of the statute.[8]

Here, the plain and unambiguous language means exactly what it says, *i.e.*, that the plaintiff stockholder, in order to bring a derivative action, must allege that he was a registered stockholder at the time the alleged transaction took place.

Moreover, allowing only registered owners to sue enables a corporation to determine at any time during

holder at the time of the transaction or any part thereof complained of." (Emphasis added.)

[7] *See e.g.*, Cal. Corp. Code, sec. 834. The California statute was applied in *Fairchild v. Bank of America* (1961), 192 Cal. App. 2d 252, 13 Cal. Rptr. 491. The court found insufficient the allegation that plaintiff "is the owner of shares," and held that the allegation that he is a "registered shareholder" is necessary for a suit to be derivative in character. *See also* 2 Annot. Model Bus. Corp. Act, sec. 43A (1966 Supp.), requiring the stockholder to be "of record."

[8] *State ex rel. Minneapolis, St. P. & S. S. M. Ry. Co. v. RR Comm.* (1908), 137 Wis. 80, 84, 85, 117 N. W. 846.

the proceeding whether a suing shareholder has the requisite financial interest to avoid bond requirements.[9] If during the action the shareholder's ownership falls below the required minimum, the corporation can demand security.[10] Thus, it can be seen that this statute does serve a bona fide purpose and is not absurd in its results.[11]

Under the liberal construction required to be given the complaint when challenged by demurrer, this court has little difficulty in finding that the plaintiff has sufficiently alleged his status as a stockholder in the defendant corporation. He must nevertheless allege his status as a *registered* stockholder. This he has failed to do and therefore the demurrer should have been sustained on this ground.

It should be noted that many courts, when not governed by this restrictive legislative provision, have held equitable ownership sufficient to establish the status of shareholder and thus entitle the equitable owner to bring a derivative action.[12]

It may well be that this statutory requirement is too restrictive. Perhaps it has the unwarranted effect of deterring derivative suits. Not all stockholder suits are

[9] *See* sec. 180.405 (4), Stats.

[10] It should be pointed out that a requirement of this nature is not completely effective where the shareholder has the right to transfer his stock by a written assignment without notification to the corporation. This would permit a sale of the beneficial interest in stock without a corresponding change in the stock ownership records of the corporation.

[11] A statute should not be construed so as to work absurd or unreasonable results. *Estate of Evans* (1965), 28 Wis. 2d 97, 101, 135 N. W. 2d 832; *Rice v. Ashland County* (1900), 108 Wis. 189, 192, 84 N. W. 189.

[12] *See HFG Co. v. Pioneer Publishing Co.* (7th Cir. 1947), 162 Fed. 2d 536; *Rosenthal v. Burry Biscuit Corp.* (1948), 30 Del. Ch. 299, 60 Atl. 2d 106; *see also Amar v. Garnier Enterprises, Inc.* (D. C. Cal. 1966), 41 F. R. D. 211.

ipso facto strike suits. On the contrary, derivative suits are an effective remedy for corporate abuses and undoubtedly the constant potential threat of derivative action has done much to keep corporate directors responsive to the interests of shareholders.[13]

Similarly there is little evidence to suggest that the registered shareholder requirement has eliminated strike suits. Moreover, it does not follow that the real investment of a nonregistered shareholder in a corporation is necessarily less substantial than the interest of a registered holder. It has been suggested that this requirement is the product of either a general hostility to derivative suits or an exaggerated fear of purchased litigation.[14] In any event, the registered shareholder requirement is part of the law of this state and it is for the legislature to eliminate or keep that requirement as it chooses.

Plaintiff's alternative theory for permitting him to bring a derivative action as a creditor of the corporation under sec. 286.32, Stats., *et seq.*, is without merit. This is because the fundamental distinction between a creditor and a shareholder has been stated as:

" 'The essential difference between a stockholder and a creditor is that the stockholder's intention is to embark upon the corporate adventure, taking the risks of loss attendant upon it, so that he may enjoy the chances of profit. The creditor, on the other hand, does not intend to take such risks so far as they may be avoided, but merely to lend his capital to others who do intend to take them.' " [15]

There is nothing alleged here which would make the plaintiff a creditor of the defendant corporation within

[13] *See* Note, 1948 Wis. L. Rev. 580.

[14] Dykstra, *The Revival of the Derivative Suit,* 116 U. of Pa. L. Rev. (1967), 74.

[15] *Fellinger v. United States* (D. C. Ohio 1964), 238 Fed. Supp. 67, 72.

the meaning of the provisions of ch. 286, Stats. Quite the opposite; plaintiff was truly an investor, anxious to accept the risks of profit and loss. As such, he was not a creditor of the corporation.

Because defendant's demurrers should have been sustained on the ground that plaintiff did not sufficiently allege his status as a "registered" stockholder, we do not reach the further ground stated in defendants' demurrers that plaintiff misjoined his individual action for specific performance of his stock purchase contract with the derivative action.

*By the Court.*—Order reversed; cause remanded for further proceedings consistent with this opinion.