BECKER (Joseph A.), Individually and as Trustee, Respondent, v. BECKER (Carl R.) and another, Appellants: J. H. BECKER & SONS, INC., Defendant.

*No. 286.   Argued October 30, 1972.—Decided November 28, 1972.*
(Also reported in 202 N. W. 2d 688.)

For the appellants there were briefs and oral argument by *James R. Mattison* of Milwaukee.

For the respondent there was a brief and oral argument by *Morris Karon* of Milwaukee.

HEFFERNAN, J. The defendants' first ground for demurrer was that the complaint did not state facts sufficient to state a cause of action. The hearing on the demurrer in the trial court and the argument here indicate that the defendants were objecting primarily to the plaintiff's capacity to bring a stockholder's derivative action. The principal thrust of the demurrer was not for failure to state a cause of action.

Sec. 263.09, Stats., provides that, where the objection is grounded on sec. 263.06 (2), lack of capacity to sue, the specific defect must be stated. This the defendants failed to do, and their demurrer could have been stricken.

However, it is apparent that the parties and the trial judge clearly understood that the demurrer was addressed to whether Joseph A. Becker had standing to bring a stockholder's derivative suit under the terms of sec. 180.405. Since in this case no one was misled by the inadequate pleadings, we shall address ourselves to that objection. Sec. 180.405 provides in part:

"**Shareholders' derivative actions.** (1) No action may be instituted or maintained in the right of any domestic or foreign corporation by the holder or holders of shares or of voting trust certificates representing shares of such corporation unless:

"(a) The plaintiff alleges in the complaint that he was a registered shareholder or the holder of voting trust certificates at the time of the transaction or any part thereof of which he complains or that his shares or voting trust certificates thereafter devolved upon him by operation of law from a holder who was a holder at the time of the transaction or any part thereof complained of."

The defendants argue that the plaintiff's ownership of the stock as trustee is subsequent to the corporate resolution establishing the defendants' salaries. As a consequence, they claim, the plaintiff does not meet the requirement of sec. 180.405, Stats., that he be a "registered shareholder" at the time of the alleged wrong to the corporation. They further argue that the plaintiff cannot bring the action in his own name because he is no longer a shareholder in his own right. We are not persuaded by defendants' argument.

Contrary to the defendants' assertion, we are satisfied that, for the purposes of determining standing in this type of action, there has been no change in the plaintiff's status as a registered shareholder of the corporate stock. He has been such a shareholder at all times relevant to this action. "It is an elementary principle of law that the title to trust property vests in the trustees." *Depart-*

*ment of Taxation v. Pabst* (1961), 15 Wis. 2d 195, 200, 112 N. W. 2d 161; *Guardianship of Paulsen* (1938), 229 Wis. 262, 267, 282 N. W. 36; sec. 231.16, Stats. When a settlor creates a trust by declaration naming himself as sole trustee, no transfer of ownership occurs. Bogert, *Trusts and Trustees* (2d ed.), p. 2, sec. 141. Accordingly, the whole of the property interest of the stock was in the hands of Joseph A. Becker as trustee. His ownership, identical to that which he had held before, was merely subject to the equitable interests of the beneficiaries of the trust. A separate trust thus created had no effect upon his status as a registered stockholder for the purpose of bringing this suit. He was a registered owner of the stock in the Becker Company when the questioned resolution was originally passed and remains so to the present time.

As recognized in *Rank v. Lease Associates, Inc.* (1970), 45 Wis. 2d 689, 173 N. W. 2d 713, the purpose of sec. 180.405, Stats., is to reduce the incidence of "strike suits" by persons who have purchased the stock with the intention of bringing derivative actions for wrongs sustained by the corporation prior to their ownership. This purpose would not be frustrated by allowing plaintiffs in the position of Joseph A. Becker to bring a derivative action. The trial judge properly concluded that the plaintiff was a proper party to bring the action and had standing under sec. 180.405.

The defendants' demurrer on the basis of a defect of parties defendant is also insufficient under the pleading statutes and rules of this court. The demurrer merely asserted "there is a defect of parties defendant." Again, defendants failed to conform with the requirements of sec. 263.09. The grounds for an objection based on a defect of parties must be explicitly stated. The record reveals that the defendants were claiming that another director and shareholder, Louis Becker, should have

been joined. The trial judge decided the demurrer on the basis of the underlying objection despite the insufficiency of the filed demurrer. While Louis Becker might well have been a proper party, the objection was founded on the contention that he was a necessary party. The complaint, however, alleges no wrongdoing by Louis Becker as a director and seeks no recovery from him. His only interest in the lawsuit is that of a shareholder of the corporation. It is not necessary that shareholders be joined in a derivative action. *Wesolowski v. Erickson* (1958), 5 Wis. 2d 335, 339, 92 N. W. 2d 898.

The trial judge properly overruled the demurrer based on a defect of parties defendant.

The defendants assert still another defense without framing a proper pleading. The defendants contend that because almost five and one-half years elapsed from the time of the alleged wrongs to the corporation to the commencement of the lawsuit, the plaintiff's suit is barred by laches. The trial judge pointed out that the defense of laches must be pleaded as a matter of affirmative defense by way of answer unless laches appears obvious from the face of the complaint. This is substantially a correct statement of the law. We have, however, held that the defense of estoppel may be raised by demurrer when the facts alleging estoppel are alleged in the complaint. *Brogan v. State* (1934), 214 Wis. 313, 252 N. W. 566; *Schneck v. Mutual Service Casualty Ins. Co.* (1963), 18 Wis. 2d 566, 571, 119 N. W. 2d 342. A similar rationale is arguably applicable to the defense of laches, but in the instant case no demurrer was based on that defense and apparently laches was merely asserted as a makeweight argument at the time of the hearing on the demurrer. We accordingly decline to pass on the issue thus improperly raised by the defendants. We should point out, however, that the defense of laches is an affirmative defense and must be raised by a proper plead-

ing. For the defense of laches to be maintained, it must be shown that there is:

"(1) [U]nreasonable delay, (2) lack of knowledge on the part of the party asserting the defense that the other party would assert the right on which he bases his suit, and (3) prejudice to the party asserting the defense in the event the action is maintained." *Greenfield v. West Milwaukee* (1956), 272 Wis. 215, 232, 233, 75 N. W. 2d 424.

The gravamen of the plaintiff's cause of action is the allegation that the defendant directors are mulcting the corporation in salaries. This allegation is alone sufficient to state a cause of action in favor of the corporation in a stockholder's derivative action on behalf of the corporation. *Gauger v. Hintz* (1952), 262 Wis. 333, 346, 55 N. W. 2d 426, is dispositive of defendants' contention. Therein it was held, in conformance with the usual rule, that corporate directors owe a fiduciary duty to their corporation and that, when their actions result in the receipt of unreasonable compensation, a cause of action arises in favor of the corporation to recover the excess payments.

We accordingly conclude that the defendants' demurrer was properly overruled.

*By the Court.*—Order affirmed.