The ESTATE OF Mildred FURGASON and the Estate of John Furgason, by Daniel Furgason, Petitioners-Appellants,

v.

WISCONSIN DEPARTMENT OF HEALTH AND SOCIAL SERVICES, Respondent-Respondent.

Court of Appeals

*No. 96–2812. Submitted on briefs April 2, 1997.—Decided May 15, 1997.*

(Also reported in 566 N.W.2d 169.)

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *James A. Jaeger* of *Hill, Glowacki, Jaeger & Reiley* of Madison.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Bruce A. Olsen*, assistant attorney general.

Before Dykman, P.J., Vergeront and Deininger, JJ.

DYKMAN, P.J. The estates of Mildred and John Furgason appeal from a judgment affirming a decision of the Wisconsin Department of Health and Social Services (DHSS). DHSS concluded that the Furgasons were ineligible for medical assistance (MA) benefits because the farm that they placed in a revocable trust did not qualify as an exempt asset. We conclude that the farm held in trust was an exempt homestead, and therefore DHSS erred in denying the Furgasons MA benefits. Accordingly, we reverse.

## BACKGROUND

John Furgason applied for and began to receive MA as a nursing home resident on March 12, 1990. On April 16, 1991, John and his wife, Mildred, transferred

their farm into the Furgason Family Trust. Mildred continued to live on the farm until July 1995, when she entered the nursing home. Her application for MA benefits was denied on September 6, 1995. Furthermore, on September 6, 1995, the county notified John that his MA benefits would be discontinued effective October 1, 1995.

The basis for both the denial of Mildred's benefits and the termination of John's benefits was that each had excess assets. The asset that caused their ineligibility was the corpus of the trust. The farm was the only asset transferred to the trust. John and Mildred were the original settlors, trustees and primary beneficiaries of the trust, and the trust was fully revocable by either one of them.

On September 13, 1995, the Furgasons petitioned DHSS to review the county's determination. The DHSS hearing examiner upheld the county's decision, and on May 29, 1996, the circuit court affirmed DHSS's decision. The estates of Mildred and John were subsequently substituted as the proper parties because Mildred died on March 14, 1996 and John on March 17, 1996. The estates appeal.

## STANDARD OF REVIEW

We review DHSS's decision, not the decision of the circuit court. *Richland County DSS v. DHSS*, 183 Wis. 2d 61, 64, 515 N.W.2d 272, 274 (Ct. App. 1994). We review an agency's conclusions of law under one of three levels of deference—great weight, due weight, or *de novo*. *See UFE Inc. v. LIRC*, 201 Wis. 2d 274, 284, 548 N.W.2d 57, 61 (1996). In *Behnke v. DHSS*, 146 Wis. 2d 178, 184, 430 N.W.2d 600, 602 (Ct. App. 1988), we

concluded that we should give deference to DHSS's decisions on MA eligibility:

> DHSS is the agency charged with the administration of the medical assistance program. Determination of eligibility for benefits is uniquely reserved to DHSS. This process invokes the agency's expertise. Such a determination, we conclude, represents a value judgment to which we must give appropriate deference and weight.

Here, DHSS's decision is not entitled to great weight because the agency's interpretation is not one of long standing. *See UFE*, 201 Wis. 2d at 284, 548 N.W.2d at 61. Therefore, we will give its interpretation due weight. Under this standard, we will not defer to an agency's interpretation, although reasonable, when we consider a different interpretation to be the best and most reasonable. *Id.* at 286, 548 N.W.2d at 62.

## DISCUSSION

Medical Assistance, also known as "Medicaid," is a joint state and federal program intended to provide medical services to the poor and needy. *Tannler v. DHSS*, 206 Wis. 2d 385, 387, 557 N.W.2d 434, 435 (Ct. App. 1996), *aff'd*, 211 Wis. 2d 179, 564 N.W.2d 735 (1997). To be eligible to receive MA benefits, an individual must meet strict income and asset limits. *See* § 49.47(4), STATS.

Because George and Mildred were over sixty-five years of age, they were eligible for MA benefits if they met the financial conditions of eligibility. *See* § 49.47(4)(a), STATS.; WIS. ADM. CODE § HFS 103.03. Under § 49.47(4)(b), MA applicants are ineligible for benefits if their non-exempt assets exceed a certain level. Both the Furgasons and the DHSS agree that

revocable trusts are considered a resource available to the applicant in determining MA benefit eligibility. *See* § 49.45(23), STATS., 1991–92; § 49.454, STATS.[1] They disagree, however, as to whether the corpus of the trust—the Furgasons' farm—is exempt from consideration.

Section 49.47(4)(b)1, STATS., provides that an MA applicant is eligible for benefits "if the applicant's property does not exceed," among other things, "[a] home and the land used and operated in connection therewith . . . if the home . . . is used as the person's or his or her family's place of abode." Similarly, WIS. ADM.

[1] Section 49.45(23), STATS., 1991–92, provides in relevant part:

> (a) In this subsection, "medical assistance qualifying trust" means a revocable or irrevocable trust, other than a trust established in a will, created by an individual or the individual's spouse under the terms of which the individual receives or could receive payments and the trustee has discretion in making payments to the individual.
> (b) For the purpose of determining eligibility for medical assistance, the maximum amount of payments that the trustee of a medical assistance qualifying trust may make to an individual under the terms of the medical assistance qualifying trust shall be considered to be available to the individual, without regard to whether the trustee actually makes the maximum payments to the individual and without regard to the purpose for which the medical assistance qualifying trust was established.

Section 49.454(2)(a), STATS., provides: "For purposes of determining an individual's eligibility for, or amount of benefits under, medical assistance: . . . [t]he corpus of a revocable trust is considered a resource available to the individual."

1993 Wis. Act. 437 repealed § 49.45(23), STATS., 1991–92, and created § 49.454, STATS. Both statutes provide the situations in which trust property should be considered in determining MA benefit eligibility. The Furgasons' trust was created in 1991. The parties agree that under either section, the Furgasons' trust is considered a resource available to them.

CODE § HFS 103.06(4)(a) provides that "[a] home owned and lived in by an applicant or recipient is an exempt asset." A home is exempt as long as the applicant resides in it, or intends to return to it. WIS. ADM. CODE § HFS 103.06.

DHSS argues that the farm is owned by the trust, not the Furgasons, and therefore the trust property does not qualify for this homestead exemption. The Furgasons argue that they have a sufficient ownership interest in the trust property to make the farm exempt from consideration.[2]

The Furgasons were the settlors of the trust and its trustees and primary beneficiaries during their lifetimes. Section 701.05(1), STATS., provides that "[u]nless the creating instrument expressly limits the trustee to a lesser title or to a power, *the trustee takes all title of the settlor* . . . ." (Emphasis added.) In addition, § 701.05(2) provides that "[i]f a trustee of a private trust has title to the trust property, a beneficiary has . . . an equitable interest, present or future, in the trust property." Furthermore, *Becker v. Becker*, 56 Wis. 2d 369, 373, 202 N.W.2d 688, 690 (1972), states that "[w]hen a settlor creates a trust by

---

[2] The Furgasons also argue that they did not need to own the farm for the trust to be considered exempt property. They base this argument on WIS. ADM. CODE § HFS 101.03(75), which defines "home" as "a place of abode and lands used or operated in connection with the place of abode." Because we decide this appeal on other grounds, we do not need to address this argument. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983). Nonetheless, this argument appears to be contrary to § 49.47(4)(b)1, STATS., which provides that the exemption extends to "the applicant's property," and WIS. ADM. CODE § HFS 103.06(4)(a), which provides that the exemption applies to "[a] home owned . . . by an applicant."

declaration naming himself as sole trustee, no transfer of ownership occurs."

Accordingly, under § 701.05, STATS., and *Becker* the Furgasons continued to have an ownership interest in the farm as the trustees and beneficiaries of the trust. Because the Furgasons continued to own the farm, the farm was exempt under § 49.47(4)(b)1, STATS., as long as either John or Mildred or both intended to return there. The State apparently concedes that such intent to return to the farm did exist. Therefore, DHSS erred in denying the Furgasons MA benefits.

DHSS argues that the Furgasons were ineligible for benefits because § 49.45(23), STATS., 1991–92, and § 49.454, STATS., which expressly govern the treatment of trusts under the MA program, take precedence over § 701.05, STATS., a general trust law provision. In support of its argument, DHSS cites *City of Muskego v. Godec*, 167 Wis. 2d 536, 546, 482 N.W.2d 79, 83 (1992), which provides that "[w]hen we compare a general statute and a specific statute, the specific statute takes precedence."

■

We reject DHSS's argument because we do not see a conflict between the MA statutes and the general trust statutes. "The rule of statutory construction that favors the specific over the general statutory provision applies only where there is a conflict between the two provisions." *Novak v. Madison Motel Assocs.*, 188 Wis. 2d 407, 416, 525 N.W.2d 123, 126 (Ct. App. 1994). The MA statutes do not provide that anyone with access to revocable trust assets is ineligible for MA benefits. Rather, the statutes provide that the assets in a revocable trust are considered "available" to the MA applicant. Trust assets available to the applicant are still subject to the property exemptions of § 49.47(4)(b),

STATS. *See, e.g., Zimmerman v. DHSS*, 169 Wis. 2d 498, 485 N.W.2d 290 (Ct. App. 1992) (applying § 49.47(4)(b)3g liquid asset exemption to trust assets). The Furgasons have an ownership interest in the trust assets under § 701.05, STATS., and therefore the farm is an exempt homestead under § 49.47(4)(b)1. This result is not inconsistent with the MA statutes which provide that the trust assets are "available" to the Furgasons.

Finally, DHSS argues that by placing the farm in trust, the Furgasons are shielding their property from the lien and estate claim recovery remedies otherwise available to the government against an MA recipient's home. For example, § 49.496(2), STATS., provides that DHSS may obtain a lien on an MA recipient's home "if the recipient resides in a nursing home and cannot reasonably be expected to be discharged from the nursing home and return home," and § 49.496(3) provides that DHSS must file a claim against an MA recipient's estate for benefits paid while the recipient resided in a nursing home. Because the trust owns the farm and trust property may be passed to heirs outside of probate,[3] DHSS argues that neither the lien recovery nor estate claim recovery remedies of § 49.496 are available against the Furgasons' farm. DHSS contends that if we consider the farm as an exempt homestead, we would place the Furgasons at an advantage over other MA recipients who simply own their homes.

We do not see how DHSS's ability to recover benefits paid from the trust assets is relevant to whether the Furgasons may receive MA benefits in the first place. The statutes provide the eligibility requirements for MA benefits. The statutes also

[3] *See McMahon v. Standard Bank & Trust Co.*, 202 Wis. 2d 565, 569, 550 N.W.2d 727, 729 (Ct. App. 1996).

provide the situations in which a settlor's creditor may reach trust assets. If the legislature believes that it is inequitable to allow MA applicants to place their homes in revocable trusts and still receive MA benefits, it can change the statutes accordingly. But it is for the legislature, not this court, to make such a policy determination. *See State v. Richards*, 123 Wis. 2d 1, 12–13, 365 N.W.2d 7, 12 (1985).[4] We cannot rewrite the statutes to meet DHSS's desired construction.

*By the Court.*—Judgment reversed.

---

[4] Moreover, the Furgasons' trust is not necessarily shielded from the recovery provisions of § 49.496(2), STATS. Section 701.07(3), STATS., provides:

> CREDITORS' RIGHTS. *If a settlor retains a power to revoke, modify or terminate which is exercisable in the settlor's favor,* except when such power is exercisable only in conjunction with a person having a substantial adverse interest *, the trust property to the extent it is subject to such power is also subject to the claim of a creditor of the settlor.* This subsection shall not apply to trust property to the extent it is exempt from claims of creditors under other statutes.

(Emphasis added.)